## SHORES T. HUNTER v. JAMES H. CLARK.

By former adjudications of this court it is settled, that the giving of time by a creditor to a principal debtor, without a binding contract so to do, does not release the surety; neither does mere forbearance or indulgence, nor a failure by the creditor to prosecute his demand with diligence, have that effect. (Paschal's Dig., Art. 4785, Note 1070.)

The surety has remedies in his own hands against such conduct of the creditor, by having the debt paid, or by requiring, in a proper mode, greater diligence on the part of the creditor.

ERROR from Grayson. The case was tried before Hon. NAT. M. BURFORD, one of the district judges.

This was a bill for an injunction filed by Hunter against Clark. The complainant alleged, in substance, that Clark had recovered a judgment against one Shannon and the complainant, upon a promissory note for some $266, on which complainant, as Clark well knew, was but a surety for Shannon. That execution issued upon such judgment, and at and long after its issuance said Shannon, the principal debtor, had ample means, in goods, chattels, and estate, for a levy and satisfaction of the execution. That by positive instructions the said Clark forbade and prevented the sheriff from levying the execution on the property of Shannon. That the sheriff often urged Clark to

permit him to make a levy on the goods of the said Shannon, but that Clark refused his consent, and requested the sheriff not to levy without his instructions. But that afterwards, on the — day of — 1860, the said Shannon having then become insolvent, the said Clark had caused the execution to be levied upon property of this complainant, who alleges, that, before Shannon's insolvency, Clark "could have easily made his debt and satisfied his execution; but that he carelessly and negligently, and petitioner believes with a fraudulent and wrongful intent, caused said execution to be held up until the insolvency of the said Sevier Shannon, and then had the same levied upon petitioner's property, for the purpose of annoying and injuring him." That, without the interposition of the court, petitioner will be compelled to discharge the execution out of his own means, and be without remedy, inasmuch as Shannon is hopelessly insolvent. Prayer for injunction against Clark, the sheriff, &c.

A preliminary injunction was awarded by the judge at chambers, and issued accordingly.

At the spring term, 1860, the defendant demurred generally to the petition, and also specially to so much thereof as charged him with carelessness, negligence, and (as petitioner believed) with a fraudulent and wrongful intent, "because it is vague, uncertain, and indefinite, and the act complained of does not imply fraud, and that the charge is not made directly and positively." The defendant also moved to dissolve the injunction, because there was no equity in the bill. The court sustained the demurrer, dissolved the injunction, and rendered judgment against the complainant for the amount of the original judgment, with interest and damages for delay, under the 154th section of the statute to regulate proceedings in the district court. (Paschal's Dig., Art. 3935, Note 927.)

*H. G. Hendricks,* for plaintiff in error.—Clark knowing

that Hunter had signed the note as surety, equity required
him to act with due diligence in collecting the debt; and
if by his orders, directions, interference, or fraudulent
conduct he prevented the debt from being made, when
the same might have been made, equity will compel
him to suffer the loss. "The creditor is required to act
with regard to the surety so as to relieve him from the
liability which he has incurred, by receiving the debt
from the principal whenever it is in his power. This is
upon the plainest rule of justice. If, therefore, the prin-
cipal die, leaving an estate, and the creditor neglect to
demand payment out of the same, when he might have
obtained it, the surety is discharged *pro tanto.*" (See 2
Bouv. Inst., 68.) This principle applies with great force
in this case. The petition clearly shows that Clark might
have made his debt; that Shannon, long after the judgment
was rendered, had plenty of property out of which the same
might have been satisfied; and that Clark, by his own acts,
prevented the debt from being collected until after Shannon
became insolvent. (See Edon on Injunc., 64 and notes;
Curan v. Colbert, 3 Kel., 250; Bullit's Executors v. Wins-
tons, 1 Mumf., 10, 269; Cooper & Arrington v. Wilcox, 2
Dev. & Bat. Eq., 91; Corn v. Miller, 8 Serg. & Rawle,
452.)

"The contract of suretyship imports entire good faith
and confidence between the parties in regard to the whole
transaction. Indeed, the proposition may be stated in a
more general form: That if a creditor do any act injurious
to the surety, or inconsistent with his rights, or if he omit
to do any act, when required by the surety, which his duty
enjoins him to do, and the omission proves injurious to
the surety, in all such cases the latter (surety) will be dis-
charged, and he may set up any such conduct as a defense
to any suit brought against him, if not in law, at all events
in equity." (See 1 Story's Eq., §§ 324, 325, 326; 3 Kel.,
411.) In a suit between payee and makers of a promissory

11—xxviii

note, parol evidence is admissible to show that one of the makers signed the note as surety. (Smith v. Doak, 3 Tex., 215.) And if the petition be sufficient to entitle plaintiff in error to relief, provided the payee had sued on the same, Clark could stand in no better condition than the payee of the note, because it is expressly charged that Clark had full notice that Hunter signed the note as surety for Shannon at the time he purchased the note. (1 Story's Eq., § 396.)

*J. H. Clark*, for himself, cited 1 Johns. Ch., 49, 98; Id., 436; 2 Id., 228; 4 Id., 510; 6 Id., 87; 6 Tex., 142.

Coke, J.—We are of opinion that the court below did not err in sustaining the exceptions of defendant to plaintiff's petition, and in dissolving the injunction and rendering judgment against him. That the giving time to the principal by the creditor without a binding contract to do so, or by forbearance or indulgence, or a failure by the creditor to prosecute his demand with active diligence, does not release the surety, is not an open question in this court. (Burke v. Cruger, 8 Tex., 66; Cruger v. Burke, 11 Id.. 694; Payne v. Powell, 14 Id., 600.)

The surety has a remedy in his own hands, by which he can protect himself. If he elect, as in this case, to lie still and take no action either to discharge his obligation to his creditor, who has trusted him, by having the debt paid, or to protect himself by requiring, in a proper mode, greater diligence of the creditor, he must suffer.

JUDGMENT AFFIRMED.