## P. S. GRAVES v. W. W. ALLEN ET AL.

(Case No. 2053.)

1. MERGER—COLLATERAL SECURITY—A simple contract is merged in a higher security only when the latter is taken in payment and satisfaction of the former; if it is taken as collateral security there is no extinction of the contract.

2. SAME—REMEDY—MORTGAGES—This rule is applicable to mortgages and other collateral securities. They do not suspend the remedy unless such be the agreement of the parties, expressed in the collateral instrument or clearly deducible from its terms. (Burke v. Cruger, 8 Tex., 66, and 11 Tex., 694.)

APPEAL from Anderson. Tried below before the Hon. F. A. Williams.

This action was brought by P. S. Graves against W. W. Allen, N. W. Hunter and J. F. Watts, to recover the amount of a debt and interest. On January 1, 1885, Wm. W. Allen and others, executed and delivered to the appellant their promissory note, as follows, viz:

"MONTGOMERY, ALA., January 1, 1875.

On the 1st day of January, 1877, we promise to pay to P. S. Graves, or order, at the office of E. J. Hart & Co., New Orleans, La., the sum of $1,511.62, value received. (Signed) WM. W. ALLEN,
CHAS. T. POLLARD, JR.
CHAS. P. BALL,
GEO. E. BALL."

W. W. Allen, on March 6, 1875, executed and delivered to P. S. Graves the following letter, viz:

"NEW ORLEANS, March 6, 1875.

N. W. Hunter, Esq., Palestine, Texas:

You will apply any money to which I may now be entitled or to which I may hereafter be entitled, as one of the legatees of Wade Al-

len, deceased, now or hereafter to be collected by you from the sale of lands, now made or hereafter to be made in the state of Texas, belonging to the estates of Wade Allen, deceased, and A. A. Dexter, deceased, to the payment of a note made by me to Peyton S. Graves for $1,511.62, dated January 1, 1875, and due on the 1st January, 1877.

(Signed,)                    W. W. ALLEN.''

Hunter, who was agent for the heirs of Wade Allen, deceased, for the sale of their lands in Texas, wrote upon the back of the letter or order the following, viz:

''After the existing debts and liens against the estate of Wade Allen, deceased, are satisfied, and expenses and commissions on sales paid, then I, as agent and attorney in fact for Wm. W. Allen, accept the within order to be paid out of the share to which he is entitled of the proceeds of sales of lands in Texas, as fast as the money can be realized.        (Signed,)               N. W. HUNTER,

Agent and Attorney in fact for Wm. W. Allen.

PALESTINE, TEXAS, March 9, 1875.''

Prior to October 15, 1876, the power of attorney to N. W. Hunter was revoked, and Jno. F. Watts was appointed by the heirs of Wade Allen, deceased, their agent to sell their land in Texas. On the last named date, Watts, with the knowledge and consent of Allen and of Graves, accepted said letter or order by writing on the back thereof the following, viz:

''I, as agent and attorney in fact for W. W. Allen, accept the within order on the conditions above stated.

(Signed,)                    JNO. F. WATTS,

Agent and Attorney in fact for W. W. Allen.

PALESTINE, October 15, 1876.''

Hunter did not sell any of the lands of the heirs of Wade Allen, deceased, and Watts did not sell any of the lands until May 12, 1883, when he sold a portion of the lands belonging to the heirs of Wade Allen, deceased, for $2,700, which was by him on said date turned over to the heirs of Wade Allen, deceased.

Appellant instituted suit in the district court of Anderson county, on April 3, 1885, and in his amended petition, filed April 19, 1886, alleged the execution and delivery of the note and the letter or order, and acceptance of the letter by Hunter and Watts. Appellee plead general denial, and limitation both to the note and the letter.

The cause was submitted to the court and judgment rendered for defendants.

*Gammage & Gregg*, for appellant, cited Stampers v. Johnson, 3 Tex., 1; Settle v. Davidson, 7 Mo., 604; Coles v. Kelsey, 2 Tex., 562; Smith v. Fly, 24 Tex., 353; Erskine v. Wilson, 27 Tex., 118; R. S., Art. 3219; Pasch. Dig., Art. 4617a, note 1027a; McDonald v. Grey, 29 Tex., 83; Grayson v. Taylor, 14 Tex., 674; Butterworth v. Kinsey, 14 Tex., 501; 7 Waite's Acts. and Def., 269; Hunter v. Hubbard, 26 Tex., 537; Randon v. Toby, 11 Howard, (U. S.) 519; 2 Story on Eq. Jur., sec. 776; 2 Parsons on Con., 173; 1 Parsons on Con., 406; Evans v. Hardeman, 15 Tex., 483; Echols v. McKie, 60 Tex., 42.

*W. Q. & F. Reeves,*for appellees, cited: Stampers v. Johnson, 3 Tex., 1; Burk v. Cruger, 8 Tex., 66; Settle v. Davidson, 7 Mo., 604; 7 Waite's Acts. and Def., 324; 3 Pome. Eq., secs. 1235, 1236; *Id.*, p. 237, and note 2; Kennedy v. Baker, 59 Tex., 150; Wingate v. Wingate, 11 Tex., 433.

WILLIE, CHIEF JUSTICE.—The appellant does not question the district judge's conclusion to the effect that Allen's order to his agent, Hunter, as accepted by the latter and his successor in the agency, vested in Graves an equitable lien on Allen's interest in Texas lands, under the control of these agents; he contends, however, that the note described in the petition was merged in the order, whereas the district judge held to the contrary. It is needless to discuss the well known principles of equity bearing upon this subject; to state them will be sufficient to determine the question. A simple contract is merged in a higher security only when the latter is taken in payment and satisfaction of the former. If accepted as collateral security, there is no extinction of the simple contract. This is distinctly decided in our state as to mortgages and other collateral securities. (See authorities below.) They do not even suspend the remedy, unless such is the agreement of the parties expressed in the collateral instrument, or clearly to be deduced from its very terms, as in the case of Burke v. Cruger, 8 Tex., 66, and 11 Tex., 694.

Indeed it would be inequitable that an instrument specially recognizing the existence of another, and providing additional security for its payment, should be construed to destroy it and usurp its place. There was no evidence in this case to show the circumstances under which the order to Hunter was given, or the purposes of its execution other than as they appear from the instrument itself. The paper sued on is an ordinary promissory note, due two years after date, and dated January 1, 1875. The order bears date March 9, 1875, and secures the payment of the note by having applied to it the proceeds of certain Texas lands in which Allen held an interest. It does not expressly

suspend the payment of the note until the lands are sold, and such is not the legal effect of the order.

An ordinary deed of trust, given to secure a note, provides for the sale of property, and the application of its proceeds in discharge of the note. Yet the maturity of the note is not thereby suspended, and the holder may bring suit upon it, at any time after it matures according to its own terms. His remedy as provided in the deed is cumulative, and does not supersede any other given him by law. The acceptance of Hunter and Watts bound them to apply towards the payment of the note the proceeds of Allen's lands after certain other liens and debts were satisfied.

This gave Graves a junior lien, but no one will contend that a party taking a lien upon property, subordinate to the claims of others, thereby waives the right to a personal suit against his debtor till all liens having precedence of his are fully satisfied. The whole effect of the several instruments was to create a debt, and secure it by a lien upon land; and, in all such cases, the creditor has his right to a personal action against his debtor, unaffected by any collateral right to subject the unencumbered property to his debt.

The note sued on fell due in January, 1877, and was barred four years thereafter, and neither it nor the lien could be enforced against the plea put in by the appellee, Allen. This disposes of all the points made by the appellant as to the effect of the order and its acceptance upon the note sued on, which is the important question in the case. That the letter written in 1883 did not recognize the existence of the debt created by the note is too clear to require further notice.

If Watts was trustee of an express trust of which Graves was the beneficiary, and against which limitation would not run, still Graves cannot complain of the judgment rendered below. He was tendered a judgment against Watts for the amount of Allen's interest in the money received from proceeds of land sold by him, but he declined to have such judgment rendered. Allen held no property in trust for Graves, and the latter does not so claim. What effect therefore the doctrine of express trusts can have upon the question of limitations as it arose in the case, we cannot see, and have not been shown.

There being no error in the judgment it is affirmed.

AFFIRMED.

[Opinion delivered October 15, 1886.]