**SHARPE et al. v. NATIONAL BANK OF COMMERCE. (No. 7338.)**

(Court of Civil Appeals of Texas. San Antonio. April 15, 1925. Rehearing Denied May 13, 1925.)

**1. Pleading 236(2)—Trial amendment discretionary.**

Allowance of amendment to pleading after all parties had announced ready for trial *held* entirely discretionary.

**2. Bills and notes 489(1)—Evidence 444(6)—Testimony of maker as to conditions under which he signed note properly excluded.**

In action on note, in which parties agreed to waive any objections to extensions, testimony of ostensible maker that he signed note to secure loan to another with understanding that 'the other would furnish certain security, and that payee had granted an extension and surrendered the security without his knowledge or consent, *held* properly excluded, because there was no pleading justifying it, and as an attempt to vary terms of written contract.

**3. Alteration of instruments 6—Indorsement in corner of note purporting to extend time not material alteration.**

Where promissory note provided for extension of time on request of any party liable without consulting others, indorsement at bottom of left-hand corner in red ink, changing due date, *held* not material alteration, being no part of note, and neither giving it more validity than it already had nor impairing it.

**4. Bills and notes 137(1)—Provision for extension of time without consent of any or all of makers is valid.**

Provision in promissory note for extension from time to time without consent of any or all of makers *held* binding, and therefore evidence that one maker demanded that payee enforce obligation when note matured was properly excluded.

**5. Judgment 123(1)—Process 87—Service by publication on resident of state whose residence unknown valid; appointment of attorney for defendant served by publication held unnecessary.**

Where residence of defendant in state was unknown, service by publication was valid, and where he had full notice of pendency of suit and appeared as witness and testified on trial, making no attack upon proceedings nor objecting to the service, the court did not err in not appointing an attorney to represent him.

Appeal from Tarrant County Court for Civil Cases; H. O. Gossett, Judge.

Action by the National Bank of Commerce against A. V. Sharpe and another. Judgment for plaintiff, and defendants appeal. Affirmed.

Frank R. Graves, of Fort Worth, for appellants.

Phillips, Brown & Morris, of Fort Worth, for appellee.

COBBS, J. Appellee sued appellants to recover on a joint promissory note, signed by A. V. Sharpe and Mike Sharpe, dated September 17, 1919, for $500, due 90 days after date, payable to appellee, with 10 per cent. interest after maturity, together with the usual 10 per cent. clause for attorney's fees. The note had a clause therein that:

"All signers and indorsers of this note are to be regarded as principals so far as their liability to payee is concerned and each of us (including indorsers) waive presentation hereof for payment, protest and notice of nonpayment, and I, we and each of us (including indorsers) consent that the payee or other owner of this note may at any time, and from time to time, upon request of or by agreement with any of us, extend the date of maturity hereof without consulting the other signers or indorsers who shall remain bound for the payment thereof. We and each of us (including indorsers) agree that in case of renewal or extension of maturity of this note, any and all securities or liens given the payee by us or any of us at any time shall remain in full force and effect as security for payment of the renewed or extended note."

A. V. Sharpe was cited by publication, because his residence was not known, though a citizen of and resident of the state of Texas. It was ascertained afterwards that he was residing in Dallas, Tex. No personal service was had on him, and he did not answer in the case, but during the trial he appeared and testified in behalf of his codefendant. He filed no answer nor made any appearance. The court appointed no attorney to represent him.

The answer of Mike Sharpe was that he was the accommodation maker of the note as a surety; that at the original maturity of the note he demanded, in writing, that the payee institute suit immediately to enforce the collection of the said note, which was ignored, and no suit filed at the next term of the court, nor at any succeeding term after delivery of said written notice. That A. V. Sharpe delivered to the payee additional security which was released and returned to his codefendant, A. V. Sharpe, without his consent. That when the note matured, Mike Sharpe refused to agree to the extension of the time of the payment, and insisted that payee bring suit to collect the note. The note was extended upon a request and consideration paid by A. V. Sharpe.

Appellant Mike Sharpe asked leave to amend his answer to show that he executed the note as a surety, which the court declined to let him do.

The case was tried with a jury, and the court instructed the jury to return a verdict against appellants jointly and severally for the sum of $756.25. That part of the judgment of the court which contains the recitals covering the jurisdictional question is as follows:

For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

"Now on this the 5th day of October, 1923, same being a regular day of the present term of the county court for civil cases, of Tarrant county, Tex., came on to be heard the above styled and numbered cause, when came the plaintiff by its attorneys of record, and also came the defendant Mike Sharpe in his own proper person, and by attorney of record, all of which announced ready for trial, and the defendant ·A. V. Sharpe did not appear and made no announcement in said cause, and, it appearing to the court that the defendant A. V. Sharpe had been duly cited by publication, as required by law, the court proceeded to hear and determine said cause, whereupon came a jury of six good and lawful men, to wit, J. C. Jones and five others, who were duly selected and were sworn to try said cause, and it appearing upon the trial of said cause that the defendant A. V. Sharpe admitted under his oath as a witness that he was a resident of the state of Texas, and had resided in said state in Dallas, Dallas county, Tex., during all of the time that the citation by publication was published, and that he, the said A. V. Sharpe, had not filed any answer in said cause, and that he had no defense to offer in the trial of the same, and the court, having heard the evidence submitted on the trial of said cause, and having been fully advised in the premises, is of the opinion that the plaintiff is entitled to an instructed verdict."

. [1] The first assignment complains that the court erred in not permitting the amendment to be filed after all parties had announced ready for trial. Such matters are entirely within the discretion of the trial judge, and an inspection of his reasons indorsed on the bill of exceptions, explanatory of his ruling, shows no error or abuse of discretion.

[2] The second assignment complains of the refusal of the court to allow Mike Sharpe to testify concerning the facts relating to the reason why he signed the note to secure the loan of the money to A. V. Sharpe, and that he signed it with the understanding that A. V. Sharpe was to give as security 1,105 acres of land in Cherokee county. That at maturity of the note he requested, in writing, that suit be brought to collect the money. Thereafter tendered to the bank $550, with request that it transfer to Mike Sharpe the additional security; whereupon the bank informed him the security had been surrendered to A. V. Sharpe, who thereafter sold the land for $2,000 and gave appellee additional security of oil stock of the par value of $10,000, and without his knowledge and consent extended the note 30 days.

This testimony · was excluded on the ground, as stated by the court in approving the bill of exceptions, that it attempted to vary the terms of the written contract; that there were· no allegations to warrant its introduction; no pleading that Mike Sharpe had tendered any payment of the note, but such tender, if any, was to secure the collateral security which it could not be forced

to do. Under the law Mike Sharpe was a principal on the note in which he had specially agreed to waive any objections to extensions and specially consented thereto. The matters complained of in the bill were not properly raised in any motion for new trial. The court did not permit the trial amendment referred to in the bill to be filed, because the same was not offered until after the plaintiff had rested its case. The court did not err in this ruling, for the reasons given.

[3] Appellants' third proposition is based upon the third bill of exceptions, approved by the court with his amplification. The objection seems to be that its terms were varied because of the indorsement at the bottom left-hand corner as "due 15th January, 1920," while the note matured on the 17th day of December, 1919. There was no error in this ruling. The indorsement on the left-hand corner was in red ink and was no part of the obligation. It was not a material alteration. Appellants knew of the extension, and it was harmless. It gave no more validity to the note than it already had, and did not in any way impair it, and need not have been introduced as a part of the note. The extension was fully understood and, in fact, if ' anything, that extension on the note sustained appellants' contention. No one was misled by it and it harmed no one.

Appellants by their note agreed, in advance, to any extension, and this harmless indorsement, way off in the bottom corner of the note, did not pretend to be a part of the note, but, if anything, it showed that an extension had been given. The objection is too technical to have any merit in it. Nichols v. Lorenz (Tex. Civ. App.) 237 S. W. 629.

[4] Under propositions 4 and 5 it is claimed the court erred in not permitting appellant to testify that in December, 1919, when the note matured and the bank demanded payment, he gave the bank written notice to file suit thereon, but that the bank refused ˙to do so and made the extension over his objection and protest; and that the court erroneously instructed over appellants' objection a verdict in favor of appellee. The court gave its reason for the ruling in his qualification of the bill as follows:

"The jury was instructed to return a verdict in favor of the plaintiff, and the evidence referred to in this bill of exception was not admitted as evidence, because the defendant Mike Sharpe did not testify that said note was extended without his consent, and because if he had so testified, it would have been offered for the purpose of varying the terms of the written contract, and because the said Mike Sharpe had signed the note on the face of same, wherein it was agreed that 'I, ·we, or either of us' had promised to pay said note, and because he had agreed in said note to be regarded as a principal, and because he had waived the presentation for payment and protest and notice of nonpayment, and had agreed that said note

could be extended from time to time, upon the request of either party to said note, without his consent, or without his being consulted, and agreed, if such extension should be made, he would still remain bound for the payment of the same.

"The court instructed a verdict against both defendants in favor of the plaintiff, because there was no testimony introduced as a defense for the defendant Mike Sharpe, and because the records showed that the defendant A. V. Sharpe had been duly and legally cited by publication within the manner and form, and within the time required by law, and because the defendant A. V. Sharpe appeared as a witness and under his oath testified that he was a resident citizen of Dallas, in Dallas county, Tex., where he had been residing continuously for more than two years, and that he had resided in said place in said state of Texas during all of the time of the publication of the said citation, and the defendant A. V. Sharpe further testified that he had filed no answer in this case and was not offering any defense in the same."

This qualification is rather lengthy, but as it shows the theory upon which the case was tried, and the viewpoint of the trial court, it is copied in full.

There is nothing that we can perceive under the provisions of the Negotiable Instrument Law to change the law that obligors may have the contractual right to agree with each other in advance for an extension by embracing such terms therein, that the obligation may be extended from time to time without the consent of any or all the makers, and by so doing no right of the obligee will be waived. As men bind themselves they will always stand bound. Such provision in an obligation is a contractual right, and as much a part of the whole as any, and as mutually binding on the parties as any other obligation therein.

Neither parties have submitted for our guidance any authorities. True, appellants have cited certain provisions of the Negotiable Instrument Law, and presented an argument based upon it, but we do not think a discussion of those provisions lead us anywhere. Here the suit is entirely upon a note made, executed, and delivered by and between the same parties.

[5] The service was valid. A. V. Sharpe was a resident of this state at the time service was made upon him by publication, because his residence was not known. He had, besides full notice of the pendency of the suit, appeared as a witness and testified on the trial, and made no attack whatever upon the proceedings nor objected to the service. McDonald v. Mabee (Tex. Civ. App.) 135 S. W. 1089. Also, see dissenting opinion of Justice Hodges. In view of the fact that appellant was present at the time and testified under the very eyes of the court, the court did not err in not appointing an attorney to represent him.

This is a simple suit upon a promissory note, where appellants have shown no legal defense whatever.

No assignment presents any merit or shows any reversible error, and they are all overruled, and the judgment of the trial court is affirmed.