**THOMPSON et al.  v. GODDEN.   (No. 7861.)**

Court of Civil Appeals of Texas.   San Antonio. Nov. 23, 1927.

Rehearing Denied Feb. 20, 1928.

**1. Principal and surety ⊗⇒162(4)—Finding that taking of mortgages from principal obligor and his tenants as additional security for note was immaterial and irrelevant held not error.**

In action on note, court's finding, as respects surety's liability, that taking of chattel mortgages from principal obligor and his tenants as additional security after maturity was immaterial and irrelevant, and that there was no agreement between plaintiff and defendants as to any collateral security, *held* not error.

**2. Appeal and error ⊗⇒731(2)—Assignments of error in holding certain defendants liable on note and finding that taking of mortgages from principal obligor and his tenants as additional security was immaterial and irrelevant held too general for consideration.**

Assignments of error in conclusion of law holding certain defendants liable on note, rendering judgment against them jointly and severally, and finding that mortgages taken from principal obligor and his tenants as additional security were immaterial and irrelevant and that there was no agreement between plaintiff and defendants as to any collateral security, *held* too general to be considered as propositions.

*On Motion for Rehearing.*

**3. Principal and surety ⊗⇒162(4)—Finding that mismanagement of security for note sued on was unintentional and chargeable to no party held erroneous.**

In action on note, court's finding, as respects surety's liability, that mismanagement in not judiciously handling security or collateral to its best advantage was unintentional and chargeable to no party in suit, *held* erroneous.

**4. Principal and surety ⊗⇒115(1)—Mismanagement of collateral by payee or holder, though unintentional, releases sureties on note.**

Mismanagement of collateral security for note sued on, whether by payee or holder, intentionally or otherwise, would release sureties.

Error from Medina County Court; R. J. Noonan, Judge.

Action by C. C. Godden against C. R. Thompson, C. M. Thompson, Jr., and others. Judgment against named defendants, and they bring error.   Reversed and remanded.

Matlock & Kelly, of San Antonio, for plaintiffs in error.

David C. Brown, of Devine, and Briscoe & Morris, of San Antonio, for defendant in error.

COBBS, J.   This is a suit brought in the county court of Medina county by C. C. Godden, defendant in error, against C. M. Thompson, C. R. Thompson, C. M. Thompson, Jr., and Lizzie L. Thompson, for the sum of $434.24, alleged to be due on a note executed by C. M. Thompson, C. R. Thompson, C. M. Thompson, Jr., and Lizzie L. Thompson, for $1,500, November 23, 1921, copy of which was attached to plaintiff's petition.

It was alleged that C. M. Thompson, the principal obligor, was insolvent, and he was dismissed from the case, but retained as a formal party with his wife.   The defendants below filed demurrers and pleaded: That the note sued upon was a renewal of a previous personal note given by C. M. Thompson to C. C. Godden, and at the execution of the note sued upon there was placed with C. C. Godden certain collateral to secure the payment of the same, the note being further secured by chattel mortgage on certain personal property.   That plaintiff in error would not have signed said note had not the collateral been given, which was sufficient to pay off said note, if properly handled by C. C. Godden.   That said renewal note became due November 23, 1922, as well as the two collateral notes to secure the same, at which time said collateral notes and the property mortgaged to secure the same was ample, under proper management, to have liquidated said debt in full, had the said C. C. Godden exercised reasonable diligence to enforce the collection of the same, but instead of giving the proper attention to the collection of said collateral security as was his duty to do at maturity, he permitted the same to remain uncollected, and on or about March 5, 1923, entered into an agreement with C. M. Thompson, the principal obligor on said note, and Juan Chacon, Manuel Chacon, and Jesus Cardenas, by which the time for the payment of said $1,500 note sued upon and the two collateral notes given to secure the same were extended to October 1, 1923, and in consideration for such extension of all of said notes, the said Juan Chacon, Manuel Chacon, and Jesus Cardenas, joined by the said C. M. Thompson, landlord, for a valuable consideration and as additional security to better secure said C. C. Godden, defendant in error, in the payment of the note sued upon, executed to the said C. C. Godden an additional chattel mortgage on their entire crop of cotton and corn planted or to be planted and grown by them or either of them, and those in their employ, or any other crop of corn and cotton that they or either of them may have an interest in during the year 1923 on the farm of the said C. M. Thompson, about two miles east of De-

vine, Medina county, Tex., then occupied by them, consisting of 200 acres, more or less. Plaintiff in error contended that the granting of the extension was a material alteration and released him, and, further, that defendant in error failed to use due diligence in handling the securities which caused a release of the securities.

The case was tried without a jury, and judgment was rendered against C. R. Thompson and C. M. Thompson, Jr., jointly and severally, in favor of C. C. Godden, defendant in error, for the sum of $434.24, with interest at 8 per cent. per annum from date of judgment and all costs of suit, and that the defendants in said suit, C. M. Thompson and his wife, Lizzie L. Thompson, were not liable, and they and each of them were discharged with their costs, to which judgment plaintiffs in error C. R. Thompson and C. M. Thompson, Jr., excepted and gave notice of appeal.

The court filed findings of fact and conclusions of law.

[1, 2] Plaintiffs in error present this case on the following assignments of error:

"(1) The court erred in his conclusion of law holding defendants C. R. Thompson and C. M. Thompson, Jr., liable upon the note sued on, and rendering judgment against them jointly and severally for $434.24 and costs.

"(2) The court erred in his seventh finding of fact as follows: 'I further find from the evidence that the additional collateral security taken in the mortgages from C. M. Thompson, Sr., and said Mexicans, the tenants of said C. M. Thompson, Sr., is immaterial and irrelevant; that same was only incident and subsequent to the execution of said above described note; and that there was no agreement between C. C. Godden, C. M. Thompson, Sr., Lizzie L. Thompson, C. R. Thompson, and C. M. Thompson, Jr., as to any collateral security of any kind whatsoever'—being contrary to law and not supported by the evidence as to relevancy and materiality.

"(3) The court erred in that part of his finding of fact No. 5 as follows: 'That had the hay and corn which had been left on the premises, and which was used in the making of a crop in the year 1924, been duly marketed and applied to said indebtedness, it would, supplemented by the $800 which the teams and implements sold for, have paid off same in full; but instead of doing this, it remained on the farm and no part of same was applied to the payment of said debt, but passed to said Adams in the sale to him. I find that said collateral security was not judiciously handled to its best advantage, or same would have paid off said indebtedness, but that the mismanagement was unintentional and chargeable to no party herein'—being contrary to law, wherein the court found same was 'unintentional and chargeable to no party herein,' when in law such was negligence on part of

2 S.W.(2d)—34

mortgagee sufficient to and did release the sureties on the note sued."

There was no error shown committed as claimed in the first and second assignments of error; besides, they are too general to be considered as propositions.

Likewise there is no error pointed out in the third assignment. Here the court did find that the security was not judiciously handled to its best advantage, but said that the "mismanagement was unintentional and chargeable to no party herein." This is not a finding of mismanagement or that want of care such as would create a liability for negligence. It may be true that a collateral is handled injudiciously and not to its best advantage; still it requires more than that to hold the party personally liable for negligence in fact. It is not pointed out in this assignment sufficient grounds of negligence or want of care proven for us to go upon.

If the security was not handled to the very best advantage, it still was immaterial because taken subsequent to the promissory note would not discharge the surety who stands bound by his contract. Shores T. Hunter v. Clark, 28 Tex. 159, and cases there cited; Burke v. Cruger, 8 Tex. 67, 58 Am. Dec. 102; Sharpe v. National Bank of Commerce (Tex. Civ. App.) 272 S. W. 321; Roberts v. Bane, 32 Tex. 386; Graves v. Allen, 66 Tex. 589, 2 S. W. 192; Hatch v. Bank (Tex. Civ. App.) 270 S. W. 1093. Under the express provisions of the note, the holder had a right to extend the note without notice. D. W. Smallwood v. First National Bank (No. 7865) 300 S. W. 665, this day decided by this court.

We have carefully examined the record in this case and the briefs of the parties, and find no error committed that should cause a reversal; and the judgment is affirmed.

### On Motion for Rehearing.

[3] We think we erred in approving the trial court's view that because the security or collateral not being judiciously handled to its best advantage, the "mismanagement was unintentional and chargeable to no party herein."

[4] We shall treat the question as a finding of mismanagement; and it does not matter whether the collateral was mismanaged by the payee or holder of the note, whether intentional or otherwise, it would release the sureties. Hatch v. Bank (Tex. Civ. App.) 270 S. W. 1093; Indemnity Ins. Co. v. Bassett (Tex. Civ. App.) 299 S. W. 714.

The motion for a rehearing is granted, and the judgment is reversed and the cause remanded.