## SMALLWOOD et al. v. FIRST NAT. BANK OF BANDERA. (No. 7865.)

Court of Civil Appeals of Texas. San Antonio. Nov. 23, 1927.

Rehearing Denied Dec. 23, 1927.

1. **Principal and surety** ⚖129(4)—Note provisions waiving right to notice of extension held binding on surety.

In an action by a bank against the makers and surety on a note, wherein the surety's defense was that the note had been extended beyond its original time without his assent, *held*, that the provisions in such note waiving notice, protest, and the surety's right to a notice of extension were binding on such surety.

2. **Principal and surety** ⚖59—Rule of strict construction of surety contract applies after legal effect of terms has been determined by ordinary contract rules.

Contracts of suretyship are to be construed as other contracts, the surety having no greater right in the construction of his contract except that, as he derives no benefit from it, he has the right to have the contract strictly construed.

3. **Principal and surety** ⚖104(1)—Payee's giving time extension to principal releases surety unless surety consents thereto.

It is the general rule that an extension of time for payment given by the payee to the principal will release the surety unless the surety consents to the extension.

4. **Principal and surety** ⚖129(4)—Written contract of suretyship in note, waiving notice of extension, held not alterable by telephone message.

Provision of waiving notice to the surety of note extensions *held* not alterable by the surety by the telephone messages.

Appeal from District Court, Bandera County; L. J. Brucks, Judge.

Suit by the First National Bank of Bandera against D. W. Smallwood, and others. Judgment for plaintiff, and defendants appeal. Affirmed.

D. H. Jones, of Uvalde, for appellants.
J. A. Eames, of Bandera, for appellee.

FLY, C. J. This is a suit on a promissory note for $600, instituted by appellee against D. W. Smallwood, Mrs. William Smallwood, and George S. Harper. The court instructed a verdict for appellee.

Although the National Bank secured judgment in the lower court, and the appeal was perfected by George S. Harper, the style of the case is entered on the cover of the transcript and the statement of facts as though the bank was appellant and Harper and others were appellees. The statute is plain that, when a party appeals, he is called the "appellant" and the adverse party the "appellee," and the party suing out a writ of error is called the "plaintiff in error" and the adverse party the "defendant in error." Article 2252, Rev. Stats. 1925. A failure to follow the statute causes confusion and trouble in appellate courts, as it has in this case.

The note is a joint and several one and became due on December 19, 1925, but payment was extended by appellee to June 19, 1926. The note provides:

"The makers, sureties, and indorsers of this note hereby severally waive demand of payment, notice of nonpayment, protest, and notice of protest, and hereby consent that the time of payment may be extended from time to time, without notice, and without releasing them or either of them."

Harper was a surety on the note and testified that when it became due he instructed the cashier of the bank not to extend the time of payment of the note.

---

⚖For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

.[1-3] The provisions in the note as to waiver of notice, protest, and extensions were valid and binding. Contracts of suretyships are to be construed as other contracts, the surety having no greater right in the construction of his contract except that, as he derives no benefit from the contract, he has the right to have it strictly construed. Brandt, Sur. and Guar. § 107. It is the general rule that an extension of time for payment given by the payee to the principal will release the surety, unless he consents to the same. Brandt, Sur. and Guar. § 376. The rule has no application when the contract has a provision for extensions without notice to the surety. Brandt, § 379; State Nat. Bank v. Vickery (Tex. Com. App.) 206 S. W. 841.

[4] The case of Benson v. Phipps, 87 Tex. 578, 29 S. W. 1061, 47 Am. St. Rep. 128, relied on by appellant, is not in point because the surety had not signed a contract waiving the right to notice of extension of the note. In the present case Harper knew the note had not been paid at maturity and still he made no effort to discharge the debt. He could not by messages over the telephone alter the written contract. He stated to the cashier of the bank that if the principal did not pay or settle the note to let him know. The principal settled by obtaining an extension of six months. Harper was in no worse position before than after the extension. The late case of Threshing Machine Co. v. Howth (Tex. Sup.) 293 S. W. 800, is not applicable to the facts of this case.

The judgment is affirmed.