(27 App. Div. 158.)

### KLEIN v. LONG.

(Supreme Court, Appellate Division, First Department.   March 25, 1898.)

1. RELEASE OF SURETY—EXTENSION OF TIME.
   An extension of time accorded by a creditor to a debtor does not release a surety, if he consents thereto.
2. SAME.
   The acceptance by a creditor of the debtor's time notes, for a portion of the debt, does not operate to release a surety from his obligation to pay the balance not thus extended.

Appeal from trial term, New York county.

Action by Eugene D. Klein against Mary Long.   From a judgment for defendant on dismissal of plaintiff's complaint (44 N. Y. Supp. 613), plaintiff appeals.   Reversed.

Argued before VAN BRUNT, P. J., and BARRETT, RUMSEY, O'BRIEN, and INGRAHAM, JJ.

William Bondy, for appellant.
F. J. Moissen, for respondent.

BARRETT, J.   This is an action upon a continuing guaranty, whereby the defendant, for the period of six months from the 15th day of November, 1895, guarantied the payment by one White of all goods sold to him by the plaintiff, not exceeding in the aggregate $500.   It is averred in the complaint, and the averment is specifically admitted in the answer, that between the 15th day of November, 1895, and the 16th day of April, 1896, the plaintiff sold and delivered to White, on the faith of the guaranty, $500 worth of goods, and that this sum is due to the plaintiff by White.   The defendant, after mak-

ing this admission, alleges that, on the 16th day of April, 1896, there was in fact due by White to the plaintiff more than the sum of $500, to wit, the sum of $886.48, on account of which latter sum White gave the plaintiff four promissory notes, amounting to $669.40, maturing at later dates. The defense was that the extension of time thus given to White released the defendant. The learned trial justice took this view of the case and dismissed the complaint. In thus ruling the learned trial justice overlooked the fact, which was clearly established, that the plaintiff took these notes at the urgent request of the defendant. The rule is well settled that the surety is not discharged where he consents to the extension of time given to the principal. Remsen v. Graves, 41 N. Y. 471; Morgan v. Smith, 70 N. Y. 537; Mead v. Parker, 111 N. Y. 259, 18 N. E. 727; Powers v. Silberstein, 108 N. Y. 169, 15 N. E. 185; Bank v. Bigler, 83 N. Y. 51; Smith v. Molleson, 148 N. Y. 241, 42 N. E. 669. The ruling was therefore erroneous.

There was an additional error, doubtless the result of oversight with regard to the balance due by White over and above the amount of these notes. The defendant in her answer concedes that, over and above all payments, there is a balance of $123.60 due by White to the plaintiff. The plaintiff claims that the balance was larger. Whatever it was, as matter of fact, the plaintiff was entitled to it, whether the defendant consented to the acceptance of the notes or not. As was said in Lowman v. Gates, 37 N. Y. 606, "the receipt of the notes could have no greater effect than a payment of money." At most, therefore, the taking of these notes for a less amount than the sum due "could but operate as a discharge of the surety to the amount of the notes, and left her unaffected as to the remainder." The respondent does not seriously contest these positions. She asks an affirmance principally upon the ground that the plaintiff in his complaint averred that the consideration of the guaranty was that, "at the request of the defendant," he would sell goods to White, and that this request was not proved. This point is frivolous. The guaranty itself imports the request. But, whether it does or not, the expression, "at the request of the defendant," is surplusage. The real consideration is expressed in the "promise in writing" referred to in the complaint; that is, in the instrument itself.

The point that the defendant did not agree to an extension beyond the time expressed in the guaranty is equally frivolous. What she said, as testified to by Mrs. Cline, in no wise limited the extension. On the contrary, it permitted an unlimited extension. "Please do me the favor," was her language, "to get him to sign notes, or anything at all, no matter what it is, so we can get money from him. You need not be at all afraid. I will pay every cent I guarantied, whether you take notes or not, and whatever you do I will pay you." None of the other points made by the respondent are worthy of special consideration. They are all trivial. Upon the case as it stood when the nonsuit was granted, the plaintiff was clearly entitled to a verdict for the full sum of $500.

The judgment should therefore be reversed, and a new trial ordered, with costs to appellant to abide event. All concur.