**BORDEN et ux. v. ARNOLD et al.**

No. 4589.

Court of Civil Appeals of Texas. Amarillo.

April 20, 1936.

Rehearing Denied May 18, 1936.

James W. Witherspoon, of Hereford, for appellants.

Underwood, Johnson, Dooley & Huff, of Amarillo (W. M. Sutton, of Amarillo, of counsel), for appellees.

JACKSON, Justice.

On June 28, 1930, W. B. Arnold loaned the sum of $3,000 to L. F. Borden, who, with his wife, Grace Borden, executed therefor a promissory note, due in twelve months with interest thereon from date at the rate of 10 per cent. per annum.

On September 5th thereafter W. B. Arnold loaned an additional sum of $4,000 to L. F. Borden, who, with his wife, executed therefor a promissory note due in twelve months with interest thereon from date at the rate of 8 per cent. per annum.

On the date the last note was executed, Borden and wife gave W. B. Arnold their deed of trust, creating a valid lien on section 18, block 3, in Deaf Smith county, to secure the payment of the two notes. On March 22, 1932, they executed another deed of trust to the said Arnold, creating a valid lien on the northeast ¼ of section 17 and the southwest ¼ of section 124, both in block 3, in Deaf Smith county, as additional security for the payment of the two notes, and by the terms of this second deed of trust the time of the payment of the notes was extended until September 30, 1932.

On the date said second deed of trust was executed Borden and wife also transferred and assigned, by their indorsement, to W. B. Arnold as collateral, four vendor's lien notes of one series, payable January 5, 1932, and four vendor's lien notes of another series, one due March 1, 1933, and one on March 1st each year thereafter up to and including 1936.

The loans were not contracted by the wife for necessaries or for expenses incurred for the benefit of her separate property.

W. B. Arnold died testate May 25, 1932, devising all of his property to his wife, Mrs. E. M. Arnold, who was duly appointed and qualified and is the independent executrix of his estate and the owner of the notes secured by the aforesaid deeds of trust, and the indorsed vendor's lien notes.

On October 5th thereafter, L. F. Borden, without the consent of his wife, entered into a valid written agreement with B. S. Arnold, the attorney in fact for Mrs. E. M. Arnold, extending the time of the payment of the two notes executed by Borden and wife, Grace Borden, and she at no time thereafter ratified such extension.

On all the dates involved herein Grace Borden was the wife of L. F. Borden, and owned in her own separate right and estate an undivided one-half interest in the lands covered by the deeds of trust, and an undivided one-half interest in the vendor's lien notes indorsed to W. B. Arnold as collateral security for his debt.

At the time the extension agreement was made, October 5, 1932, L. F. Borden paid the sum of $600, which was credited upon the interest due on the $3,000 note. Thereafter the appellee Mrs. E. M. Arnold instituted this suit to recover judgment for

her debt against L. F. Borden, and a foreclosure of her liens on the lands described in the deeds of trust and upon the vendor's lien notes indorsed and pledged to her deceased husband as collateral.

Mrs. Grace Borden, appellant, joined pro forma by her husband, pleaded her coverture, her separate property rights, the extension of the time of the payment without her consent of the two notes executed by her and her husband to W. B. Arnold and asked that all liens claimed against her undivided one-half interest in the lands covered by the deeds of trust, together with the liens claimed against her undivided one-half interest in the vendor's lien notes pledged as collateral, be canceled, held for naught, and released from all liability for the indebtedness sued on.

The case was submitted to the court without the intervention of a jury, and judgment rendered that Mrs. Grace Borden take nothing; that Mrs. E. M. Arnold have judgment for her debt, principal, interest, and attorney's fees against L. F. Borden, and a foreclosure of her deeds of trust on the land and her pledgee's lien on the vendor's lien notes against both L. F. and Grace Borden, from which judgment, by writ of error, this appeal is prosecuted. No complaint is made of the judgment for the debt and the foreclosure of the liens against L. F. Borden.

It is contended, in behalf of appellant Grace Borden, that since she was under the disability of coverture, was the owner in her separate right of an undivided one-half interest in the lands and vendor's lien notes encumbered, had made no contract for necessaries or for the benefit of her separate estate, and the time of payment of the notes was extended without her knowledge or consent, her separate property was released from the liens because it occupied only the relation of surety for the debt.

It is the settled law that the appellant's separate property occupied the relation of a surety, Red River Nat. Bank v. Ferguson, 109 Tex. 287, 206 S.W. 923; and if the time of payment was extended without her consent, such property was released, Red River Nat. Bank v. Bray et al., 105 Tex. 312, 148 S.W. 290. It is equally well settled, however, that a surety who consents thereto cannot avail himself of such extension agreement to defeat his liability. Such consent may be contained in the note evidencing the debt, and it is immaterial whether the assent be given prior

or subsequent to the extension of the time of payment. State Nat. Bank of Fort Worth v. Vickery (Tex.Com.App.) 206 S.W. 841; Smallwood et al. v. First Nat. Bank of Bandera (Tex.Civ.App.) 300 S.W. 665.

"The extension between the principal obligor and the holder postpones the right of action and the commencement of the running of limitation until expiration of the period for which the extension is granted. Dalton v. Rainey, 75 Tex. 516, 13 S.W. 34; 8 C.J. 441.

"In general, the giving and taking of the new paper simply operates as an extension of the time of payment of the original indebtedness. 6 Tex.Jur. p. 810; 8 C.J. 441; 7 Cyc. 891.

"While an extension of time of payment between the creditor and principal debtor without a surety's consent operates as a release as to the surety (Red River Nat. Bank v. Bray, 105 Tex. [312] 315, 148 S.W. 290; Benson v. Phipps, 87 Tex. 578, 29 S.W. 1061, 47 Am.St.Rep. 128), this right may be waived by such surety, either in advance or afterwards (Darby v. Bank (Tex. Civ.App.) 253 S.W. 341; National Bank of Commerce v. Kenney, 98 Tex. 293, 83 S.W. 368; Jackson v. Bank (Tex.Civ.App.) 185 S.W. 893; Commonwealth Nat. Bank v. Goldstein (Tex.Civ.App.) 261 S.W. 538; Sharpe v. Bank (Tex.Civ.App.) 272 S.W. 321; 8 C.J. § 681; 7 Cyc. 922); such waiver enters into the contract of every person who signs, whether as drawer, maker, acceptor, or indorser (Williams Bros. v. Rosenbaum (Tex.Civ.App.) 79 S.W. 594; Leeds v. Hamilton Paint & Glass Co. (Tex.Civ. App.) 35 S.W. 77; Daniels Neg. Inst., § 1092), and permits of more than one extension of the time of payment without the consent of and without discharging the surety from liability (State Nat. Bank v. Vickery (Tex.Com.App.) 206 S.W. 841; Archenhold Co. v. Smith (Tex.Civ.App.) 218 S.W. 808). Such a waiver does not increase the original liability of the surety; it merely renders unnecessary the performance of the acts waived in order to fix liability. State Nat. Bank v. Vickery, supra." Brinker v. First Nat. Bank of Cleveland, Okl. (Tex.Com.App.) 37 S.W.(2d) 136, 139.

Mrs. Grace Borden, as evidence of the indebtedness, with her husband, L. F. Borden, signed the two notes and each of them contained the following provision:

"The makers and endorsers of this note hereby severally waive demand of pay-

ment, notice of non-payment, protest or notice of protest, and hereby consent that time of payment may be extended from time to time without notice thereof."

▇ Appellant does not assert that her deeds of trust and her pledgee's lien did not create valid liens against her said separate property and fix thereon the relation of suretyship to the debt; nor does she claim that she had no power to agree to the extension. Her contention is that the above recited provision in the notes which she signed is not enforceable because as to her all the stipulations, agreements, and obligations in the notes are void. She bases her position on article 4623, R.C.S., which in part reads as follows:

"The wife shall never be the joint maker of a note or a surety on any bond or obligation of another without the joinder of her husband with her in making such contract."

In support of her claim that article 4623 renders the notes void, she cites numerous authorities holding her contention. However, in Leake v. Saunders et al., 84 S.W. (2d) 993, 994, the Supreme Court said:

"Such a contract is not void in Texas. We are mindful of such cases as Cruger v. McCracken, 87 Tex. 584, 30 S.W. 537; Wallis v. Stuart, 92 Tex. 568, 50 S.W. 567; Trimble v. Miller, 24 Tex. 214, 215; Lane v. Moon, 46 Tex.Civ.App. 625, 103 S.W. 211, and others of similar import. It is recognized that statements made in the opinions in those cases and apparently, in some instances, the decisions actually rendered, are to the effect that such contracts are null and void. But we think the better rule, and the one more in consonance with our conception of marital rights, is that such contracts are not null and void, but are voidable at the option of the wife. Snow v. Mather, 52 Tex. 650; Pitts v. Elsler, 87 Tex. 347, 28 S.W. 518; Gamel v. City Nat. Bank (Tex. Com.App.) 258 S.W. 1043; Thomason v. Haskell Nat. Bank (Tex.Civ.App.) 56 S. W.(2d) 242; Taylor v. Leonard (Tex.Civ. App.) 275 S.W. 134; Baxter v. Baxter (Tex.Civ.App.) 225 S.W. 204; Crutcher v. Sligar (Tex.Civ.App.) 224 S.W. 227 (writ ref.); 23 Tex.Jur. § 200, p. 232; Speer's Law of Marital Rights (3d Ed.) § 211."

In 30 C.J. p. 910, para. 608, it is said:

"A married woman may give a valid consent to an extension of time so as to bind her separate estate, and may likewise ratify such consent when given in her name without previous authority. So a pledge of the wife's separate property may be given, not only to secure the husband's debt, but may also contemplate extensions of time for payment, in which case an extension will not, of course, discharge the pledge."

▇ No agreement for the extension of the time of payment is specifically set out in the deeds of trust, but they each stipulate in effect that L. F. Borden and Grace Borden are justly indebted to W. B. Arnold, evidenced by two certain notes executed by them and payable to the order of the said Arnold, describing the notes by their dates, amounts, rates of interest, and due dates. Under the record, in our opinion, the notes, deeds of trust, and pledgee's agreement should be considered as one transaction and construed together as one instrument.

"Where a mortgage is given to secure the payment of a note or bond, the two instruments being made at the same time, they are to be read and construed together as parts of the same transaction, especially where the note or bond is referred to in the mortgage, or vice versa, and hence the terms of the one may explain and modify the other; and a stipulation or condition inserted in the one is an effective part of the contract of the parties although not found in the other, provided there is no necessary inconsistency. Even though the mortgage is executed long after the date of the note it will, if such appears to have been the intention of the parties, become a part of the contract from the time of its delivery, the same as if both instruments had been executed at the same time." 41 C.J. p. 452, para. 340.

See, also, Howard v. Davis, 6 Tex. 174; Vinson et al. v. W. T. Carter & Bro. (Tex. Civ.App.) 161 S.W. 49; Fidelity Trust Co. v. Fowler et ux. (Tex.Civ.App.) 217 S.W. 953; Kelsay Lumber Co. v. Crowell (Tex. Civ.App.) 19 S.W.(2d) 368; Johnson v. Tunstall (Tex.Com.App.) 25 S.W.(2d) 828.

▇ Construing the instruments together, the provision in the note consenting "that the time of payment may be extended from time to time without notice thereof" became a part of the contract of suretyship, was binding upon the appellant Grace Borden, and her property was not released by reason of such extension.

The judgment is affirmed.