E. J. ROHRT, ET AL v. KELLEY MANUFACTURING COMPANY

No. A-8375. Decided July 12, 1961
Rehearing overruled October 3, 1961
(349 S. W. 2d Series 95)

*McNees & McNees,* of Dallas, for petitioners.

*Turner, White, Atwood, Meer & Francis,* of Dallas, for respondent.

MR. JUSTICE GRIFFIN delivered the opinion of the Court.

This is a suit by respondents against petitioners on a written lease contract, whereby respondents seek to recover future rentals less amount of rents received from others after petitioners removed from the rented premises. The cause was tried upon stipulated facts. On a trial before the court without a jury, judgment was rendered that respondents take nothing. On appeal the Court of Civil Appeals reversed and rendered for respondents. 344 S.W. 2d 904.

November 3, 1956, respondent, as landlord, rented to petitioners, as lessees, certain properties in the City of Dallas, Texas, for a term ending December 31, 1958. The consideration was for a total of $7,770.00 payable in monthly installments. The down payment was $270.00 plus $300.00 as payment for the last month of the term. The lease contract contained the following paragraph:

"That in case of default in any of the convenants herein, Lessor may enforce the performance of this lease in any modes provided by law and this lease may be forfeited at Lessor's discretion if such default continues for a period of ten days after Lessor notifies said Lessee of such default and his intention to declare the lease forfeited, such notice to be sent by the Lessor by mail or otherwise to the demised

premises, and thereupon (unless the Lessee shall have completely removed or cured said default) this lease shall cease and come to an end as if that were the day originally fixed herein for the expiration of the term hereof, and Lessor, his agent or attorney shall have the right, without further notice or demand, to re-enter and remove all persons and Lessee's property therefrom without being deemed guilty of any manner of trespass, and without prejudice to any remedies for arrears of rent or breach of covenant; or Lessor, his agent or attorney may resume possession of the premises and re-let the same for the remainder of the term at the best rent Lessor, his agent or attorney may obtain, for account of the Lessee, who shall make good any deficiency. * * * "

Petitioners paid all rentals up through May 1, 1958. Petitioners being delinquent on the rental payments due June 1 and July 1, respondent on July 7, 1958, through its agent, wrote a letter to petitioners, the material part of which is as follows:

"Inasmuch as rent for the captioned property has not been received, we have been instructed to give you official notice of such default and the intention of the lessor to declare the lease forfeited. This notice fulfills the requirements set forth in Paragraph 8 of the lease contract."

July 15, 1958, petitioners sent a check to respondents for the $300.00 rent due June 1, 1958.

July 31, 1958, petitioners, by their attorneys, wrote respondents a letter, the material parts of which are as follows:

"This is to advise you and your principal that inasmuch as the lessee, Dwelle Electronics Company has been unable to completely cure such default within ten days after such notice, that, therefore, the said Lessee, Dwelle Electronics Company, considers that the lease ceased and came to an end on July 17, 1958, as if that were the day originally fixed in the lease contract for the expiration of the term of such lease, as is expressly set forth in said paragraph 8 of the lease contract. This is to further advise that the Dwelle Electronics Company no longer occupies the premises."

At all pertinent times Lessee was financially able to pay the rentals due under the lease contract.

After receiving the above letter from the petitioners, respondent took possession of the premises and re-let for the best rent obtainable. After applying the rents received to credit of petitioners, respondents claimed there was a balance due of $1,467.50, for which respondent sued, and also for attorney's fees.

The Court of Civil Appeals gave recovery to respondents upon the ground that petitioners had wrongfully abandoned the premises and breached the lease contract. Therefore, respondent was within his contract rights and his legal rights in re-entering and re-letting the premises, and was entitled to recover for the rental deficiency.

In this holding the Court of Civil Appeals was in error and we reverse that judgment, and affirm the judgment of the trial court.

It is not disputed that the effect of respondent's letter of July 7, 1958, coupled with the failure of petitioner to pay the delinquent rentals within a ten-day period thereafter, resulted in a forfeiture of the lease contract as of July 17, 1958; and that respondent did forfeit. Unquestionably, respondent was given the right to take such action by the terms of the contract.

The question at issue is: Did such action by respondent relieve petitioners from liability for future rentals? We hold that it did.

The contract provides that upon such forfeiture "* * * this lease shall cease and come to an end as if that were the day originally fixed herein for the expiration of the term hereof * * *." That language is plain. Had the lease gone to the end of the term (December 31, 1958) there is no question but that lessee would have owed no future rentals. The obligation to pay rent would have ceased. Therefore, if the language last above quoted has any meaning, it must mean that the obligation of petitioners to pay future rents ceased and terminated July 17, 1958.

Walling v. Christie & Hobby, Inc., Tex. Civ. App., 54 S.W. 2d 186 (1932), no writ history, was a case where Walling had leased by written contract certain property to Christie and Hobby for 99 years, rentals payable monthly. The lease contained the following provision:

"It is mutually covenanted and agreed that the various rights, powers, options, elections, appointments and remedies of the lessor contained in this lease shall be construed as cumulative and no one of them as exclusive of the other, or exclusive of any rights or rents allowed by law."

About two and one-half years after signing the lease, Christie & Hobby, Inc., defaulted in paying the rentals due. Walling gave notice to Christie & Hobby, Inc., that he had elected to rescind and cancel the lease contract. Walling re-let the premises for best rent obtainable and sued, under the above-quoted provision of the lease contract, for the delinquent rentals and the future rentals. The court held that when Walling cancelled and rescinded the contract, that put an end to the obligation of Christie & Hobby, Inc., to pay future rentals and that Walling could not recover for this item. Judgment was rendered for Walling against Christie & Hobby, Inc., only for delinquent rentals due as of date of cancellation, plus taxes Christie & Hobby, Inc., had agreed to pay in the lease contract, and had not paid. After quoting the general rule that upon breach of a contract, the innocent party [the lessor, Walling] must either treat the contract as binding and sue for damages, or sue to cancel the contract, but cannot do both, the court says:

"This general rule, however, is not applicable in a case in which the lease expressly stipulates that re-entry by the lessor will not affect the obligations of the lessee for the unexpired term of the lease * * *"

It was held that the provision in the lease, first above quoted, was not such an express stipulation of lessee's liability as to entitle the lessor to recover for future rentals.

In discussing the liability of a lessee, after forfeiture of a lease contract by the lessor, the annotation found in 99 A.L.R. 42, et seq., says: "* * * * if a lessor elects to assert a forfeiture of the lease, under provisions of the lease therefor, he ordinarily terminates the lease, together with all unaccrued liabilities of the lessee which are dependent upon the continuance of the term." On page 45 of same authority it is stated: "In the absence of clear language to that effect, courts will not construe a lease as providing that, upon re-entry or forfeiture, the tenant shall remain liable for unaccrued rent."

Respondent contends that the language of our lease "* * *

without prejudice to any remedies for arrears of rent or breach of covenant; * * *," following that language saying the "* * * lease shall cease and come to an end as if that were the day originally fixed herein for the expiration of the term hereof * * *," gave him, on petitioner's default in paying the rent, authority to take possession of the premises; and acted to prevent termination of the petitioner's contractual obligations to pay further rentals. It is contended that the forfeiture put an end to the privity of estate between the parties, but did not end the privity of contract. The authorities do not support the contention.

The case of Dearborn Stove Co. v. Caples, 149 Tex. 563, 236 S.W. 2d 486 (1951), cited by respondent was a suit whereby an assignee of a lessee had abandoned leased premises at the end of the third month of a twelve-month contract, and sought to recover the unearned portion of a prepaid rental. This court held he could not recover, and that the lessor had a right to retain the full consideration. This case also recognized that a different rule was applicable in deciding whether or not a termination of a lease contract relieves the lessee for rentals becoming due after date of termination.

Brown v. Johnson, 118 Tex. 143, 12 S.W. 2d 543 (1930), was a suit between a lessee and a party whom lessee had employed to farm the leased premises for one-half of the proceeds of the crops produced. It is not in point on our problem.

All of the other cases cited by respondent to uphold his judgment are cases where the lessee had abandoned the leased premises and the right of the lessor to re-enter and re-let and sue for the balance was recognized. We have no quarrel with those cases.

In the case at bar, it was the lessor and not the lessee who had terminated and put an end to the lease contract.

That part of the contract which provides that the re-entry shall be "without prejudice to any remedies for arrears of rent or breach of covenant" does not allow recovery for future rentals. Future rentals are not arrears of rent. The "breach of covenant" covers only the obligations to keep the premises in good repair, and other like covenants.

The right which respondent seeks is covered by the alternate

540

provision contained in the contract immediately following that provision under which respondent proceeded. That provision for action by lessor in case of default by the lessee is "* * * or Lessor, his agent or attorney may resume possession of the premises and re-let the same for the remainder of the term at the best rent Lessor, his agent or attorney may obtain, for account of the Lessee, who shall make good any deficiency * * *." This is not a provision for a forfeiture, but recognizes the continued liability of lessee for rentals. Nor, under this latter alternative provision, does the lease cease and come to an end "as if that were the day originally fixed herein for the expiration of the term hereof." Respondents elected to terminate the lease contract under the provisions of the first alternative provision; therefore, it cannot recover future rentals from lessee.

The judgment of the Court of Civil Appeals is reversed and the judgment of the trial court is affirmed.