James L. JOHNSON et al., Appellants,

v.

GOLDEN TRIANGLE CORPORATION, Appellee.

No. 4463.

Court of Civil Appeals of Texas.

Waco.

May 26, 1966.

Rehearings Denied June 16, 1966.

Carrington, Johnson & Stephens, Marvin S. Sloman, Nesbitt, Bentley, Walden & Shytles, Edwin A. Nesbitt, Dallas, for appellants.

Naman, Howell, Smith & Chase, J. Rodney Lee, Albert Witcher, Waco, for appellee.

OPINION

WILSON, Justice.

The lessor, Golden Triangle, recovered judgment for rents in a non-jury trial against Philco as alleged assignee of the original lessee, Johnson. Findings and conclusions were filed. We affirm.

Philco's principal contention concerning the rent claim is that there is no showing in the record that it became an assignee so as to be liable for rents. Golden Triangle leased the premises to Johnson for a five-year term by written agreement, to be used for a coin-operated dry cleaning and laundry business. Philco furnished the equipment and financed the operation, called a "Pilot Store", through Philco Finance Corporation. The business was not profitable, and when Johnson's financial difficulties made it impossible to continue, the business was "transferred by Johnson to Philco." The transfer was accomplished by a written "termination agreement" which contained, along with a stipulation for repurchase of "products," the following provisions:

"Purchase of Pilot Stores. At termination date, Philco will purchase from Johnson, and Johnson will sell, deliver and release to Philco, free and clear of all liens and encumbrances (other than those contemplated to be discharged by the performance of this agreement), all right, title and interest which Johnson has or may have in coin-operated laundry and dry-cleaning establishments (hereinafter called 'Pilot Stores' including (but not limited to) personal property described in" attached schedules.

As to "its" leasehold interests in premises occupied by Pilot Stores, Johnson covenanted that they were accurately set forth in "Pilot Store Leases"; that lease requirements had been complied with; and that

there were no other agreements affecting occupancy. The termination contract also provided:

"Johnson covenants and agrees that when called upon to do so at any time or from time to time, he shall deliver to Philco or its nominee any and all instruments in form acceptable to counsel for Philco assigning all rights and interests of Johnson in and under the leases and other agreements described" in the schedules.

■ Philco never requested delivery of any instruments of assignment, and none were delivered. The latter fact is emphasized in support of Philco's argument that there was no written assignment. We do not agree. Philco had required Johnson to obtain a landlord's waiver and consent to assignment of the lease. It assumed physical possession of the inventory and other personal property on the premises, continuing the occupancy, and paying to lessor the stipulated rental for several months. On the date it executed the termination agreement Philco notified its creditors (but not Golden Triangle) in writing that it had contracted to purchase from Johnson "all leasehold interests" in the Golden Triangle establishment.

■ Philco's argument that the written assignment was never effectuated because no separate instrument of assignment was delivered is unconvincing. Such an additional instrument was required to be delivered only if Philco requested it. The termination agreement itself contained a written assignment. By it *all* property "including (but *not limited to*) personal property" was transferred. The term "prop-

erty", of course, absent evidence of a contrary intent, included Johnson's leasehold interest in realty. Womack v. Womack, 141 Tex. 299, 172 S.W.2d 307, 308. That Philco did not call for delivery of a separate additional document does not affect the sufficiency of the general transfer. Jackson v. Knight, Tex.Civ.App., 194 S.W. 844, writ ref. The assignee is liable for rents under the original lease. Davis v. Vidal, 105 Tex. 444, 151 S.W. 290, 42 L.R.A.,N.S., 1084.

Our holding is not in conflict with Cooper v. Astin, Tex.Civ.App., 343 S.W.2d 713, no writ. There was no written assignment in that case.

■ It is said by appellant that lessor should be held to have declared a forfeiture so as to terminate liability for rent by the following language in its letter to Johnson in January, when he was delinquent in rental payments: "In the event said rental payments are not brought up to date immediately, Golden Triangle hereby gives notice to declare the lease forfeited in accordance with provisions of said lease agreement." Appellant relies on Rohrt v. Kelley Manufacturing Co., 162 Tex. 534, 349 S.W.2d 95. The present lease provided that at lessor's option it might be forfeited if default continued ten days after notification of intention to declare the lease forfeited. In our opinion the quoted language did not constitute a declaration of forfeiture so as to end appellants' liability. It was a conditional notice or warning that lessor intended to declare a forfeiture upon the contingency that default continued.

Appellants' other points and appellee's cross-points have been considered and are overruled. Affirmed.