**C. & G. COIN METER SUPPLY COR-PORATION, Appellant,**

**v.**

**FIRST NATIONAL BANK IN CONROE, Texas, Appellee.**

**No. 4147.**

Court of Civil Appeals of Texas.

Eastland.

Jan. 27, 1967.

Rehearing Denied Feb. 24, 1967.

J. A. Amis, Jr., Bryan, for appellant.

McClain & Harrell, Conroe, for appellee.

COLLINGS, Justice.

The First National Bank in Conroe brought suit against Gary D. Gray as principal and C. & G. Coin Meter Supply Corporation as surety on a $12,749.00 note. The defendant C. & G. Coin Meter Supply Corporation filed a general denial and alleged a novation contending the note sued upon had been paid, discharged and superseded by the execution and delivery by Gray of his note to the bank in lieu of and in an amount greater than the note sued upon, without the prior knowledge and consent of defendant C. & G.; that by reason thereof the original note had been discharged as well as the liability of Gary Gray as the principal and C. & G. as guarantor or surety thereon. The case was tried before the court without a jury and judgment was rendered for plaintiff against the defendants for the amount of the principal and interest due on the note and for foreclosure of plaintiff's chattel mortgage lien. C. & G. Coin Meter Supply Corporation, hereinafter referred to as C. & G. or as appellant, has appealed.

The record shows that appellant was the Commercial Distributor for Norge sales Corporation for the State of Texas and a portion of Louisiana and handled Norge commercial equipment including washers, dryers, dry cleaning equipment and related equipment for laundry and dry cleaning departments of self service stores. The court found that on February 17, 1962, appellant sold to Gary D. Gray washateria equipment described in the chattel mortgage which was the basis of appellee's suit and Gray executed and delivered to appellee bank his note in the principal sum of $12,749.00. Appellant signed the note as guarantor. The proceeds of the loan which the bank made to Gray paid for the equipment which he bought from appellant. The court filed findings of fact, among which were the following:

"5. That on or about November 3, 1962, Defendant Gary D. Gray requested Plaintiff to renew the original note and to in-clude therein an additional One Thousand ($1,000.00) Dollars, stating that C. & G. Coin Meter Supply Corporation would sign the new note.

6. That Plaintiff Bank, by long distance telephone conversation with C. R. Guest, President of Defendant C. & G. Coin Meter Supply Corporation, was advised that said Defendant would sign the new note in which there was to be included the additional One Thousand ($1,000.00) Dollars.

7. That Plaintiff Bank relied upon said promise, believing that C. & G. Coin Meter Supply Corporation would sign the new note along with Gary D. Gray, and proceeded to prepare another note, dated November 3, 1962, in the sum of Thirteen Thousand, Two Hundred Seventy-Six and $^{38}/_{100}$ ($13,276.38) Dollars, and contemporaneously therewith stamped the original note as renewed.

8. That Defendant C. & G. Coin Meter Supply Corporation afterwards failed and refused to sign the new note in the sum of Thirteen Thousand, Two Hundred Seventy-Six and $^{38}/_{100}$ ($13,276.38) Dollars.

9. That Defendants became delinquent in the payment of the balance of the note bearing date of February 17, 1962.

10. That although demand was made upon Defendants to pay the indebtedness represented by said note, they nevertheless failed and refused to do so.

11. Plaintiff, as the legal owner and holder of said note, together with the chattel mortgage securing same, declared same due and payable in its entirety, and the unpaid balance of principal and interest of said note as of July 23, 1963, was the amount of Nine Thousand, One Hundred Seventy-Eight and $^{41}/_{100}$ ($9,178.41) Dollars.

12. That Plaintiff placed said note in the hands of its attorney for collection and suit; under and by virtue of the terms and provisions of said note Defendants became bound and obligated to pay Plaintiff the full amount of the balance of principal and

interest due as specified in said note, and also twenty (20%) per cent on such unpaid balance of the principal and interest as attorneys' fees.

13. That said chattel mortgage created a valid and subsisting lien against the washateria equipment described therein, to secure the payment of said note, including principal, interest and attorneys' fees, and the said chattel mortgage is still in full force and effect.

14. That Plaintiff sued upon the original note and did not attempt to hold defendant C. & G. Coin Meter Supply Corporation liable upon the second note, which it did not sign.

15. That the extension or renewal of the note sued upon was granted with the full knowledge, consent and acquiescence of Defendant C. & G. Coin Meter Supply Corporation, and with the promise that it would sign the new note.

16. That there was no expression or intention on the part of Plaintiff to discharge the old note by renewing same.

17. That said note contained the following provision: 'Each maker, surety and all endorsers hereof severally waive notice, protest, presentment for payment, and consent that the time of payment may be extended or this note renewed without notice and without releasing any of the parties hereto.' "

In compliance with appellant's request for additional findings of fact the court made the following additional findings:

"1.

The Note bearing date of February 17, 1962, made the basis for Plaintiff's suit, was signed by Gary D. Gray, as Principal, and C. & G. Coin Meter Supply Corporation, by C. R. Guest, President, as Guarantor or Surety.

2.

Defendant C. & G. Coin Meter Supply Corporation did not agree in writing to the renewal in an increased amount of the note sued upon.

3.

Plaintiff Bank has not released Defendant Gary D. Gray from payment of the renewal note."

The court also made the following conclusions of law:

"The Court is of the opinion and so finds that from the facts of this case the note sued upon has not been paid, discharged and superseded by the execution and delivery by Gary D. Gray of his note to Plaintiff in lieu of and in an amount greater than the note sued upon, and, therefore, Plaintiff, First National Bank in Conroe, Conroe, Texas, is entitled to recover of and from Defendants Gary D. Gray and C. & G. Coin Meter Supply Corporation, as for its debt the sum of Nine Thousand, One Hundred Seventy-Eight and 41/100 ($9,178.-41) Dollars, together with accrued interest thereon at the rate of ten (10%) per cent per annum from July 23, 1963, up to the date hereof, as well as interest at the rate of six (6%) per cent per annum on the amount of this Judgment from the date hereof until paid, together with the foreclosure of the chattel mortgage dated the 26th day of February, 1962, and for twenty (20%) per cent of the full amount of the principal and interest in the sum of One Thousand, Nine Hundred Thirty-Seven and 66/100 ($1,937.66) Dollars as attorneys' fees and cost of suit."

Appellant presents points urging that the court erred as a matter of law in rendering judgment for plaintiff and that the judgment as a matter of law is not supported by probative evidence. Appellant further urges, in effect, that even if the court's findings of fact numbers 5, 6, 7, 8, 9, 10, 12, 15 and 16 are supported by evidence they still form no legal basis in support of the judgment. It is undisputed that the original note was dated February 17, 1962, and signed by appellant C. & G. as guarantor. This note was renewed by the bank on

November 14, 1962, and included an additional amount of $1,000.00. Appellant did not sign the new note, did not agree in writing to the renewal in an increased amount, but did orally agree to such renewal.

Appellee, First National Bank in Conroe, brought this suit against Gray, as principal and appellant C. & G. as guarantor on the note executed by them on February 17, 1962. Judgment was entered on said note and appellee does not seek to hold appellant upon the renewal note executed by Gray on November 3, 1962. Appellant, C. & G. contends that it has been released from the original obligation by reason of the execution of the subsequent note by Gray without the joinder of appellant as endorser or surety thereon; that it is no longer liable on the original note because appellee accepted a renewal note from the principal obligor, which was a material alteration of the original, in that, it created a new and more onerous obligation on the principal and upon appellant if he should be held liable thereon. Appellant contends that under these circumstances it is no longer bound by any obligation under the original note. We cannot agree with this contention. There is ample evidence in support of the findings of the court, its conclusions of law, and the judgment. We overrule appellant's contentions to the contrary.

As a general rule the giving and taking of a new note operates as an extension of time of payment of the original indebtedness. Borden v. Arnold, 94 S.W.2d 216, (Ct.Civ.Apps.1936, writ ref.). In such a case it is held that endorsers are not discharged if they consent to an extension of the time of payment or when they have expressly agreed that the time of payment may be extended without notice to them. Simpson v. McDonald, 142 Tex. 444, 179 S.W.2d 239, (Sup.Ct.1944); Darby v. Farmers' State Bank, 253 S.W. 341, (Ct. Civ.Apps.1923, no writ history.)

The note here sued upon contains a provision that: "Each maker, surety and all endorsers hereof, severally waive notice, protest, presentment for payment, and consent that the time of payment may be extended or this note renewed without notice and without releasing any of the parties hereto." It is held that such a provision in a note is valid and blinding upon all parties thereto, including those secondarily liable. Welch v. Beall, 153 S.W.2d 338, (Ct.Civ.Apps.1941, ref. w. m.); Sharpe v. National Bank of Commerce, 272 S.W. 321, (Ct.Civ.Apps.1925, writ dismissed). Consent is effective when given either before or after the extension. Brinker v. First National Bank, 37 S.W.2d 136, (Com.1931). An agreement or consent for the extension of time of payment may be oral. Mizell Construction Company and Truck Line, Inc. v. Mack Trucks, Inc., 345 S.W.2d 835, (Ct. Civ.Apps.1961). In the instant case there was not only the written provision of the original note agreeing that the time of payment might be extended or the note renewed without releasing any of the parties, there was also an oral agreement by appellant's president at the time of the extension or renewal that he would sign the new note. Although he agreed to do so he never signed the new note.

Under these facts it is our opinion that appellant was not discharged as guarantor on the original note and appellee was entitled to recover thereon. Chapman v. Crichet, 127 Tex. 590, 95 S.W.2d 360, (1936); Borden v. Arnold, supra; Kern v. Smith, 164 S.W.2d 193, (Ct.Civ.Apps.1942, Ref.W.M.). There was never an intention by any of the parties that appellant would be released as guarantor. Except for the promise that appellant would join with Gray in signing the new note providing for the payment of an additional $1,000.00 the new note would never have come into existence. The judgment against appellant is not upon the new note but upon the original note which appellant signed as guarantor. Appellant's points are all overruled.

The judgment is affirmed.