**TACO BOY, INC., et al., Appellants,**

v.

**REDELCO CO., INC., Appellee.**

**No. 903.**

Court of Civil Appeals of Texas, Corpus Christi.

Oct. 31, 1974.

Jeffrey W. Jones, Johnson & Davis, Harlingen, for appellants.

Albert E. Coneway, Harlingen, for appellee.

**OPINION**

NYE, Chief Justice.

This was a suit brought by a landlord (appellee) for specific performance by

Taco Boy, Inc. and IHC, Inc. for payment of delinquent unpaid rentals under a lease contract and additional accruing unpaid rentals under the lease between such date of filing suit and the date of final judgment. The case was tried before the court without a jury. The trial court held appellee was entitled to recover from appellants the total amount of unpaid rentals being those owing and unpaid through the period up to the date of final judgment in the amount of $8,320.00. From this judgment, the tenants hereinafter called appellants perfected this appeal.

On March 15, 1969, Nehi Bottling Company, Inc. of Harlingen, Texas, (appellee's predecessor) entered into a written land and building lease contract with Taco Boy, Inc., an Oklahoma Corporation. Under the lease contract, Nehi Bottling Company was to erect a building and improvements on the subject land which were to be constructed in accordance with the plans and specifications submitted by lessee appellant. The term of the lease was to be for a twenty-year period, to commence on the date the building and improvements were completed. The lease contract also provided for payment of minimum monthly rental of $890.00 by appellant lessee.

The building to be constructed was to be a unique type commercial building for specialized, single-purpose use by Taco Boy as lessee. Also, on March 15, 1969, contemporaneous with the execution of the lease contract referred to above, appellant, IHC, Inc. executed a guaranty contract whereby they undertook to guarantee to lessor and lessor's successors and assigns the payment by lessee of all the rents and charges due, and the performance by lessee as to all obligations under the lease agreement. On December 31, 1969, Nehi Bottling Company, Inc., was succeeded in a corporate reorganization by appellee Redelco Co., Inc. and the said lease contract was assigned by Nehi Bottling Co., Inc., to Redelco Co., Inc. The appellants, Taco Boy, Inc. and IHC, Inc., subsequently entered into a sublease agreement on October 10, 1972. The premises were subleased to Daniel Robledo and Leo Carrasco for a period of three years beginning October 15, 1972, and terminating October 14, 1975, in consideration for monthly rental of $650.00 per month to be paid by the sublessees. Redelco approved the sublease and for convenience agreed to accept directly from sublessees the $650.00 rent due under the sublease and credit this toward the $890.00 rental due from appellants under the original lease. Redelco agreed to this arrangement subject to Taco Boy and IHC remaining fully liable for the full and final performance of all the terms and conditions of the original lease. Appellants were to pay the difference in monthly rental in the amount of $240.00 per month so as to comply with the total amount owing under the original lease.

The rental payment lease term began November 1, 1969, with Taco Boy occupying the leased premises. Redelco has received full payment of the rentals due up and until April, 1973. The portion of the monthly rentals ($240.00) to be made by Taco Boy or IHC as guarantor, became delinquent beginning April of 1973 and appellants have continued to default in their rental payments due since that time. The sublessees, Daniel Robledo and Leo Carrasco, also defaulted in the monthly rentals due beginning August, 1973, and have continued to be in default for such payment due. On May 22, 1973, appellee's attorney sent a letter to appellants notifying them that the rentals due had become delinquent and demanded that the delinquency be made current on or before June 1, 1973, and if a failure to do so occurs, suit on behalf of Redelco to recover such delinquent rentals would follow. Appellants contend that such letter caused a termination of the lease contract as of June 20, 1973, and because of such termination they are not now liable for any rents after that date. The appellants failed to bring their delinquent account current as demanded by Redelco. In June 1973, Redelco filed suit against Taco Boy and IHC for specific perform-

ance under the terms of the lease contract and guaranty agreement and for recovery of the then delinquent rentals and those accruing rentals which remain unpaid between the date of suit and date of final entry of judgment. The trial court rendered judgment for appellee entitling them to recover against appellants, jointly and severally, for all the unpaid rentals owing upon the date of the judgment, the total of which was $8,320.00. From this judgment, appellants have perfected their appeal to this Court.

The appellants assert only one point of error, that being that the trial court erred in holding that the lease agreement in question continued in force and effect after June 20, 1973. This is a rather broad point. The appellants break it up into specific sub-points in their brief, each of which will be considered separately so as to adequately cover appellants' main point of error.

Provision 17 of the lease contract provides as follows:

"17. DEFAULT. If *Lessee* should default in the payment of any rental or monies due hereunder, when due, or be in default or any covenant, agreement, or condition herein provided for, or abandon the Premises, or become bankrupt or make an assignment for benefit of creditors, or in the event a receiver is appointed for Lessee, then upon the occurrence of any one or more of such contingencies and after *Lessee* has been given notice by certified mail of such default, Lessee having thirty (30) days after the receipt of such notice within which to correct such default or defaults and if no such corrections are made, this lease is cancelled and all rights of *Lessee* are terminated. . . . "

The first question to be considered is whether this provision 17 of the lease contract is a tenant or landlord clause. In other words, who may pursue its use and effect to terminate the lease? The appellee contends such clause is for the use of

the lessor only and only the lessor has the option to terminate the lease or continue it on lessee's default. Appellants argue and believe that by their failure to pay rent within thirty (30) days after demand by appellee was made, such failure on their part effectuates a termination of the lease without further action by them. We disagree with the appellants.

Where a lease contract provides for termination of the lease on non-payment of rent, the lessor alone has the elective right of determining it on breach. 36 Tex.Jur.2d Landlord and Tenant § 258 p. 111. The Texas Courts in an early decision, Morris v. De Wolf, 11 Tex.Civ.App. 701, 33 S.W. 556 (1895, no writ) stated the rule which has been consistently followed:

" . . . Where a lease contract contains a proviso that on nonpayment of rent the term shall cease, the lessor, and not the lessee, has the elective right of determining it upon breach made. The principle that no man is permitted to take advantage of his own wrong prevents the lessee from doing so. . . . " See also Brady v. Nagle, 29 S.W. 943 (Tex.Civ.App., 1895, no writ).

The provisions of the lease providing for a twenty year term and payment of minimum monthly rental for such period would become wholly meaningless and useless if appellants' contentions were to prevail. Appellants would be able to terminate the lease at any time, even at the end of the first month, by discontinuing paying rent thereafter, awaiting the written demand by appellee and then waiting an additional thirty (30) days to elect to permanently terminate the lease under provision 17. Provision 17 speaks only to lessor's rights upon lessee's default. We hold that the appellants cannot unilaterally terminate the lease contract, only the lessor has that option.

This brings us to appellants' second point. This is to the effect that if a lessor elects to terminate a lease due to lessee's

default, then absent extraordinary circumstances, lessee has no liability for the unexpired term, citing Rohrt v. Kelley Manufacturing Company, 162 Tex. 534, 349 S.W.2d 95 (1961); Evons v. Winkler, 388 S.W.2d 265 (Tex.Civ.App.—Corpus Christi 1965, writ ref'd n.r.e.); Maida v. Main Building of Houston, 473 S.W.2d 648 (Tex.Civ.App.—Houston [14th Dist] 1971, no writ). We would tend to agree with appellants except that appellants predicate this statement on the assumption that the lessor had elected to terminate the lease contract. This narrows the issue down then to whether appellee by their letter dated May 22, 1973, elected to terminate the lease contract in accordance with provision 17 or elected to treat the contract as continuing and pursue its additional remedy under provision 18. Provision 18 of the lease contract reads in part as follows:

" . . . All remedies herein provided for shall be in addition to, and not in substitution for, any remedies otherwise available to the Lessor."

This language unmistakenly gives the appellee a choice as to the remedy he will pursue on appellants' default. The letter dated May 22, 1973, from appellee to appellants refers to the subject lease agreement; the amount of rent due per month ($890.00); and the part of the sublease where appellee agreed for convenience only, to receive $650.00 from sublessees to be credited upon a monthly rental of $890.-00 due from appellants, with appellants paying the difference of $240.00 monthly direct to appellee. The letter continues stating:

"Redelco advises that you are delinquent on the $240.00 portion of the rental for the months of January through May, 1973, with the June 1973 installment to be due very shortly. Demand is here made for the delinquency to be made current on or before June 1, 1973, failing which it will be necessary for us to institute suit on behalf of Redelco to recover such delinquent rentals. We will include

in the suit, of course, pleadings to recover attorney's fees, court cost, and other actual expenses incurred in such litigation."

Appellants contend that by the language in the letter, appellee intended to terminate the lease contract in accordance with provision 17 of the lease contract. Provision 17 of the lease contract sets out certain requirements which appellee must meet before it can effect a valid termination of the lease contract. These are:

(1) A default by lessee in the payment of rental monies.

(2) Lessee must be given notice of such default by certified mail.

(3) Lessee is to be given thirty days after the receipt of such notice within which to correct such default.

(4) If lessee fails to correct such default within such thirty days, then the lease is cancelled and all rights of lessee are terminated.

An option to terminate must be exercised in strict accordance with its terms, to be effective. Vidor v. Peacock, 145 S.W. 672 (Tex.Civ.App.—San Antonio 1912, no writ); G. C. Murphy Company v. Lack, 404 S.W.2d 853 (Tex.Civ.App.—Corpus Christi 1966, writ ref'd n.r.e.). The first requirement that lessee be in default in payment of rental income is satisfied and appellants even admit this. However, the second and third requirements were never met. Appellee's letter demanding payment was dated May 22, 1973. The demand made was for the delinquency to be made current on or before June 1, 1973. This gave appellants only nine (9) days in which to comply. The failure of appellee to follow the requirements as specifically set out in the lease contract tend to aid the Court in deciding whether appellee intended to terminate the lease contract. The appellee made no mention, whatsoever, of terminating the lease in the letter. In a similar case, White v. Watkins, 385 S.W.2d 267 (Tex.Civ.App.—Waco 1964, no writ),

lessor was suing lessee for default in rent payments. The lease contract was similar to that between appellee and appellants. The lessor sent the following letter to the lessee:

" . . . in accordance with the terms of the lease, 'notice is hereby given that default has been made in the payment of rent due. You will be expected to comply with your obligation under this contract within the time provided, otherwise the lessor will pursue the remedies available to him.' . . . "

The Court, in the White case, commented in their holding that such letter did not constitute a declaration to terminate the lease, that:

"The tenant contends he was entitled to an instructed verdict because the undisputed evidence establishes the lessor elected to terminate the lease, thereby ending liability of the tenant to pay future rentals. We overrule the contention. The argument is that the quoted lease provision is the same as that in Rohrt v. Kelley Manufacturing Co., 162 Tex. 534, 349 S.W.2d 95, in which it was held that a letter announcing 'the intention of the lessor to declare the lease forfeited' under the specific terms of the lease, terminated the lease and the tenant's unaccrued liability, because this was precisely what the contract provided. *There was no such declaration by lessor in the present case. Although the lease authorized this remedy, it was not exercised.*" (Emphasis added).

■ Another contributing factor showing that appellee did not intend to terminate the lease, was appellee's lawsuit itself. The suit was for specific performance by appellants for payment of delinquent, unpaid rentals under the lease contract, and for additional accruing unpaid rentals under the lease between said date of filing and date final judgment is entered. There was no allegation nor request that the lease be terminated, but just the opposite, that the lease contract be performed. It is clear to us that appellee's letter notifying appellants of default did not constitute a declaration of forfeiture of the lease contract. See Meehan v. Pickett, 463 S.W.2d 481 (Tex.Civ.App.—Beaumont, 1971, writ ref'd n.r.e.); Johnson v. Golden Triangle Corporation, 404 S.W.2d 44 (Tex.Civ.App. —Waco 1966, no writ).

■ Appellants next argue that in the May 22, 1973, letter, appellee's attorney threatened suit which contained a request for attorney's fees. Appellants contend that appellee could recover attorney's fees only if provided for by the lease agreement or recoverable under Vernon's Ann.Tex. Rev.Civ.Stat. Art. 2226 and since attorney's fees under Article 2226 are not recoverable in a suit on a lease agreement, it must follow that appellee must be suing under provision 17 of the lease contract. The trial court did not award attorney's fees. They were recoverable only upon repossession of the property. Since appellee's suit was for specific performance, the court was correct in not allowing recovery of attorney's fees. Such request for attorney's fees in appellee's letter did not of itself invoke a cancellation and forfeiture of the lease in question.

There was no termination of the lease contract, therefore, the appellants remained fully liable for delinquent rents due up and until final judgment of the trial court. All of appellants' points of error have been considered. The judgment of the trial court is affirmed.

Affirmed.