GGE MANAGEMENT COMPANY et
al., Petitioners,

v.

COMMERCE SAVINGS ASSOCIATION
OF BRAZORIA COUNTY et al.,
Respondents.

No. B–6217.

Supreme Court of Texas.

Nov. 24, 1976.

Rehearing Denied Dec. 31, 1976.

Sewell, Junell & Riggs, J. Eugene Clements, Walter T. Weathers, Jr., and Leighton E. Moss, Houston, for petitioners.

Carl, Lee & Fisher, Howard C. Lee, Jr., Conway F. Jordan, Jr., Houston, Strasburger, Price, Kelton, Martin & Unis, Royal H. Brin, Jr., Dallas, Don Stocking, Houston, M. K. Woodward, Austin, Kronzer, Abraham & Watkins, W. James Kronzer, Houston, for respondents.

PER CURIAM.

The judgment of the Court of Civil Appeals in this proceeding decreed in part:

". . . and judgment is rendered that plaintiff, Commerce Savings Association of Brazoria County, recover against defendant, GGE Management Company as principal obligor and against J. B. Westmoreland and Richard B. Merrill, Jr. as guarantors, the sum of $528,878.98, being the unpaid principal balance of the note as of December 29, 1973, and against the said principal obligor, GGE Management Company, for interest accruing on said sum from and after said date at the rate of 10% per annum until paid . . .."

*See also* the opinion of the Court of Civil Appeals, reported at 539 S.W.2d 71.

Gilbert Gertner and GGE Management Company, appellees in the Court of Civil Appeals, asserted by point of error in their Fourth Motion for Rehearing that "The Court [of Civil Appeals] erred in granting interest from December 29, 1973 at a rate of interest in excess of eight and one-half percent per annum until paid." Commerce Savings Association of Brazoria County, appellant, thereafter directed a letter to the Clerk of the Court of Civil Appeals reading:

"Before the filing hereof, we received a copy of the Gertner Fourth Motion, contending, among other things, that interest should have only been awarded at the rate of 8½% per annum until paid. Appellant agrees with that suggestion, and it would be appreciated if you would therefore direct this letter to the Court's attention."

Notwithstanding, the Court of Civil Appeals overruled the Motion without further action.

The Application for Writ of Error of GGE Management Company sought alternative relief as follows:

"In the alternative, if the Court were inclined to affirm the opinion of the Court of Civil Appeals, the judgment should be modified to reduce interest on the debt to 8½%, as Respondent's counsel concedes to be appropriate."

In reply, Commerce Savings Association of Brazoria County, Respondent, stated:

"We have conceded and do concede the interest on the judgment in favor of Respondent should be in the amount of 8½% per annum, as provided in the Modification and Extension Agreement of August 25, 1972."

Accordingly, the Application for Writ of Error of GGE Management Company, et al., is granted and the judgment of the Court of Civil Appeals is modified to read as follows:

".   .   . and judgment is rendered that plaintiff, Commerce Savings Association of Brazoria County, recover against defendant, GGE Management Company as principal obligor and against J. B. Westmoreland and Richard B. Merrill, Jr. as guarantors, the sum of $528,878.98, being the unpaid principal balance of the note as of December 29, 1973, and against the said principal obligor, GGE Management Company, for interest accruing on said sum from and after said date at the rate of 8½% per annum until paid."

As modified, the judgment of the Court of Civil Appeals is affirmed.