**Leta J. GLASSCOCK, Appellant,**

v.

**CONSOLE DRIVE JOINT VENTURE, Appellee.**

**No. 04–82–00615–CV.**

Court of Appeals of Texas, San Antonio.

July 18, 1984.

Appellant's Motion for Rehearing Granted Sept. 12, 1984.

Appellee's Motion for Rehearing Denied Sept. 12, 1984.

Robert D. Reed, Randall H. Fields, Siegel & Fields, San Antonio, for appellant.

Stephen T. Scott, San Antonio, for appellee.

Before ESQUIVEL, REEVES and DIAL, JJ.

## OPINION

REEVES, Justice.

This is an appeal from a judgment awarding a lessor past due rentals plus the present value of future rentals for the unexpired term of a lease.

An agreed statement of facts reveals that on November 16, 1979, a lease was entered into between appellee and Glasscock Wine Outlets, Inc. The lease provided, "payment of all rents or other sums due hereunder by Lessee [Glasscock Wine Outlets, Inc.] to Lessor [appellee] is unconditionally guaranteed by LETA J. GLASSCOCK, individually, hereinafter called Guarantor," and was signed by Leta Glasscock.

The term of the lease was twenty (20) years, with an option to renew for two terms of ten (10) years each. Rent was $4,333.33 per month plus taxes and insurance.

By July 9, 1981, lessee, Glasscock Wine Outlets, Inc., was in default in the amount of $24,067.31. An agreement was reached whereby lessor, appellee, accepted a cashier's check in the amount of $10,160.86 and a promissory note for $13,906.45, payable in twelve installments with interest at 13% per annum in satisfaction of the past due rentals. Lessee subsequently fell behind on both the payments on the note and the rental payments under the lease. Appellee, in response to this delinquency, filed a forcible detainer action in justice court to remove Glasscock Wine Outlets, Inc. from the premises. Appellee was successful in this endeavor and regained possession.

Thereafter, this lawsuit was instituted in district court to recover back rent from both Glasscock Wine Outlets, Inc. and appellant. A trial amendment was granted appellee to allow it to also seek recovery of future rentals. The cause was submitted on an agreed statement of facts. Appellee made the following stipulation in open court: "[T]hat the exhibits are true and correct copies of instruments and *stipulates to the truth of the matter contained in each and every one of them.*" (Emphasis ours). One of the exhibits is appellee's verified petition for forcible detainer which contains the statement that: "consistent with the terms of the Lease Agreement, Plaintiff [appellee] has exercised its option to terminate the lease...." Judgment was entered against both parties jointly and severally for future rentals.

Appellant, in point of error one, contends the undisputed evidence shows that appellant's guaranty of the lease agreement was nullified due to a substantial alteration of the lease. The record shows that when Glasscock Wine Outlets, Inc., fell behind in its rental payments, appellee accepted a promissory note from Glasscock Wine Outlets, Inc., as partial satisfaction for the past due rental payments. Appellant was not a party to these negotiations.

■ The rule of strictissimi juris applies to a guaranty agreement; it is strictly construed and will not be extended beyond its precise terms by either construction or implication. *Reece v. First State Bank of Denton*, 566 S.W.2d 296 (Tex.1978); *McKnight v. Virginia Mirror Co., Inc.*, 463 S.W.2d 428 (Tex.1971). The taking of a new note operates as an extension of time of payment of the original indebtedness, *C. & G. Coin Meter Supply Corp. v. First National Bank in Conroe*, 413 S.W.2d 151, 154 (Tex.Civ.App.—Eastland 1967, writ ref'd n.r.e.), and we see no reason why the acceptance of a note for past due rental payments should not also be considered an extension of time for payment.

It has long been the rule in this State that an extension of time for payment will release a guarantor or surety, the rationale being stated as follows:

It is the right of the surety, at any time after the maturity of the debt, to pay it, and to proceed against the principal for indemnity. This right is impaired if the creditor enter into a valid contract

with the principal for an extension of the time of payment. The obligation of the surety is strictly limited to the terms of his contract, and any valid agreement between the creditor and the principal, by which his position is changed for the worse, discharges his liability. For this reason it is universally held that a contract between the two, which is binding in law, by which the principal secures an extension of time, releases the surety, provided the surety has not become party to the transaction by consenting thereto. *Benson v. Phipps*, 87 Tex. 578, 579–80, 29 S.W. 1061, 1061 (1895). *See also Gardner v. Watson*, 76 Tex. 25, 13 S.W. 39 (1890); *Commerce Savings Association v. GGE Management Co.*, 539 S.W.2d 71 (Tex.Civ. App.—Houston [1st Dist]), *modified on other grounds and affirmed*, 543 S.W.2d 862 (Tex.1976); *C. & G. Coin Meter Supply Corp. v. First National Bank in Conroe*, 413 S.W.2d 151 (Tex.Civ.App.—Eastland 1967, writ ref'd n.r.e.); 27 TEX. JUR.2d *Guaranty* § 49 (1961).

We can find no Texas case, however, which decides the issue of whether, as in the case before us, an extension of time for payment of only a portion of the original obligation releases a guarantor in toto. We think not, and limit the release to that portion of the debt for which the time of payment was extended. *See Holcombe v. Solinger & Sons, Inc.*, 238 F.2d 495 (5th Cir.1956); *Klein v. Long*, 27 A.D. 158, 50 N.Y.S. 419 (N.Y.App.Div.1898); *see also* 38 AM.JUR.2d *Guaranty* § 92 (1968); Annot., 74 A.L.R.2d 734, 749 (1960). We hold appellant was discharged of her guaranty only to the extent of those past due rental payments evidenced by the note.

Appellant, in her third point of error, contends the statement of appellee that it "has exercised its option to terminate the lease," judicially estops appellee from recovering future rentals from appellant. We agree.

The lease in question provided in its pertinent part:

If Lessee shall allow the rent to be in arrears more than 10 days after written notice of such delinquency, or shall remain in deault [sic] under any other condition of this lease for a period of 10 days after written notice from Lessor, or should any other person than Lessee secure possession of the premises, or any part thereof, by reason of any receivership, bankruptcy proceedings, or other operation of law in any manner whatsoever, *Lessor may at its option, without notice to Lessee, terminate this lease,* or in alternative, Lessor may reenter and take possession of said premises and remove all persons and property therefrom, without being deemed guilty of any manner of trespass, and relet the premises or any part thereof, for all or any part of the remainder of said term, to a party satisfactory to Lessor, and at such monthly rental as Lessor may with reasonable diligence be able to secure. Should Lessor be unable to relet after reasonable efforts to do so, or should such monthly rental be less than the rental Lessee was obligated to pay under this lease, or any renewal thereof, plus the expense of reletting, then Lessee shall pay the amount of such deficiency to Lessor. (Emphasis ours.)

If a lessor elects to terminate a lease due to some default by a lessee, the lessor may not then recover future rentals from the lessee. *Rohrt v. Kelley Manufacturing Co.*, 162 Tex. 534, 349 S.W.2d 95 (1961); *Taco Boy, Inc. v. Redelco Co., Inc.*, 515 S.W.2d 319 (Tex.Civ.App.—Corpus Christi 1974, no writ). Thus, if the sworn statement in appellee's pleadings in justice court, that it was exercising its option to terminate the lease, judicially estops appellee from denying the lease had terminated, the judgment against appellant is erroneous insofar as it awarded future rentals.

The doctrine of judicial estoppel is the theory that when a party has made a sworn statement in the course of judicial proceedings, they may not be heard afterward to maintain a contrary position absent proof that the earlier statement was made inadvertently or by mistake, fraud or duress. *Long v. Knox*, 155 Tex. 581, 291

S.W.2d 292 (1956); *Van Deusen v. Connecticut General Life Insurance Co.*, 514 S.W.2d 951 (Tex.Civ.App.—Fort Worth 1974, no writ).

> [A] party is estopped merely by the fact of having alleged or admitted in his pleadings in a former proceeding under oath the contrary to the assertion sought to be made ... [and] it is not necessary that the party invoking this doctrine should have been a party to the former proceeding.

*Long v. Knox, supra*, 291 S.W.2d at 295.

■ Here we have not only the sworn statement at a prior proceeding but also the stipulation in the present case that the statement was true. Given these facts, we hold that it was conclusively established that the lease had been terminated and appellee is precluded from offering contrary testimony. *Long v. Knox, supra.*

Appellee contends the statement that appellee has "exercised its option to terminate the lease," is not a clear unequivocal indication that they waived their claims for future rentals. While this may be true, certainly the statement is clear and unequivocal that appellee considered the lease terminated, the effect of which precludes recovery of future rentals. Additionally, appellee contends judicial estoppel was not plead and may not be raised for the first time on appeal. We quote from appellant's pleadings:

> That your Defendant would show that by Plaintiff's giving said Notice of Eviction, followed by their Complaint for Forcible Detainer and Judgment thereon, your Plaintiff elected under the terms of the lease to terminate the lease, which termination became effective on or about the 9th day of October, 1981. Having terminated said lease, your Defendants deny that Plaintiff is entitled to additional rent on and after October 9, 1981.

If, indeed, any pleading is required, we hold the above sufficient. Point of error two need not be addressed because of our disposition of points one and three.

We note that appellant, in her brief, requests that the judgment of the trial court be reversed both as to appellant and Glasscock Wine Outlets, Inc. This we cannot do. Only Leta Glasscock filed an appeal bond. Consequently, she is the only appellant before us.

We are unable to ascertain from the record the amount of rentals for which appellant is responsible and must thus remand this case to the trial court for that determination. Appellant, in view of our determination of point of error one, has no liability for any rentals due before the note and cashier's check brought the lease current. Additionally, appellant, in view of our disposition of point of error three, has no liability for any future rentals from the date Glasscock Wine Outlets, Inc., vacated the premises after appellee's termination of the lease. She is, however, liable for the rentals which accrued between these dates. Accordingly, the judgment of the trial court, insofar as it relates to appellant, Leta J. Glasscock, is reversed and remanded to the trial court for disposition in accordance with this opinion.

*On Appellant's Motion for Rehearing and On Appellee's Motion for Rehearing*

PER CURIAM.

Appellant, Leta J. Glasscock, and appellee, Console Drive Joint Venture, each have filed a motion for rehearing.

Appellant's motion for rehearing requests this court to modify our judgment which reversed and remanded the judgment of the trial court and, in lieu thereof, reverse and render judgment pursuant to TEX.R.CIV.P. 434. The remand was for the purpose of ascertaining the amount of rent and taxes owed appellee in accordance with our ruling. A review of the agreed statement of facts reveals that the parties stipulated as to the rent and taxes for the period of time in which we deemed appellant liable for the rent and taxes. The sum stipulated is for $6,554.43. We are of the opinion that appellant's motion has merit and that the judgment should be modified.

We are further of the opinion that appellee's motion for rehearing is without merit and should be denied.

Accordingly, it is ordered that the judgment of the trial court be modified and that appellee, Console Drive Joint Venture, recover of and from the appellant, Leta G. Glasscock, the sum of $6,554.43 as rental damages, both past and future, and that as modified, the said judgment of the trial court dated September 10, 1982, is herewith affirmed.