FIDELITY MANAGEMENT CO. d/b/a the Riverview Apartments, Appellants,

v.

Dr. Mike L. HEROD, Appellee.

No. 1596.

Court of Civil Appeals of Texas, Corpus Christi.

May 22, 1980.

Harry J. Carpenter, Carpenter & McGee, Houston, for appellants.

Michael J. McNamara, Harlingen, for appellee.

OPINION

NYE, Chief Justice.

This is a landlord-tenant case where the sole question before the trial court was whether the lease had been terminated by the landlord or surrendered by the tenant. The trial court held that the lease had been terminated, and entered a judgment for the rents held to be in arrears. The landlord appeals.

The landlord, Fidelity Management Company d/b/a The Riverview Apartments, filed suit against one of its tenants, Dr. Mike L. Herod (a dentist), alleging that Dr. Herod, the tenant, had abandoned a five-year lease, seeking judgment for lost rentals, both past and future, and for damages to the leased premises. The tenant filed a cross action for damages due to loss of business because the premises were untenable. The court awarded the landlord the arrearages in rents up to the time the tenant vacated the premises and damages to a door on the leased premises. The court filed findings of fact and conclusions of law, all of which uphold the trial court's judgment.

In two points of error the landlord-appellant contends that the trial court erred in

finding that the tenant was forced to vacate the premises and in finding that the tenant did not abandon the premises and that such findings were against the great weight and preponderance of the evidence. The second point of error complains of the trial court's conclusion of law that the actions of the landlord in notifying the tenant to vacate the premises, the filing of a forceable detainer suit which went to judgment against the tenant, and the filing of a suit against the tenant for past-due rents in the County Court at Law terminated the lease in question.

Almost all of the facts are undisputed and were stipulated at the beginning of trial. The pertinent facts show that the tenant had been a few days late 14 out of 16 months in the payment of his rent during the time that he occupied his office. He complained to the landlord's agent about flooding of water in the front office and a stoppage of the sewer system in a back room. On one occasion when the doctor had an emergency call at night, he found that his office was so hot that it was impossible to treat his patients. Since the thermostat was controlled by the landlord in his portion of the building, the tenant broke open the door, lowered the thermostat, and treated his patients. On the month following, the tenant mailed only a portion of his rent that was due, holding back the amount expended by him in repairing the sewer. Whereupon the landlord wrote to the tenant in a letter dated November 18, 1975, stating:

"Dr. Mike Herod:—

Due to non-payment of your rent, you are hereby three days notice to vacate, we intend to additionally take proper legal action against you for violation of your lease.

The Riverview Professional Bldg."

On November 25th, the landlord filed a forceable detainer action in the Justice of the Peace Court in Cameron County. In the petition for forceable detainer, the landlord stated that the tenant had failed to promptly pay his rent, that the deduction of the plumbing bill made his security deposit deficient, and since the lease required that the security deposit be kept intact, such action amounted to a "default" under the terms of the contract; and that on the 18th day of November, 1975, Plaintiff (landlord) being the person entitled thereto, made demand in writing, of the Defendant (tenant), *for possession of such premises* ; but that Defendant (tenant) has held over and continues to so hold over such premises willfully and without force after the above described faults and *after demand made in writing for the possession thereof by this Plaintiff*, who is entitled to the possession thereof, has retained, and still retains, possession thereof." (emphasis added).

On the 9th of December, 1975, a judgment in the Justice Court was entered which recites that the plaintiff (landlord) appeared by and through its attorneys and that the defendant (tenant) appeared in person and by and through his attorney. The court found that the material allegations were true and correct, that the defendant tenant was guilty of forceable detainer, and that restitution of the premises should be made to the plaintiff (landlord) on or before the 18th day of December, 1975. The tenant moved out on December 18, 1975.

The record further shows that the landlord filed suit in the County Court at Law on December 11, 1975, in which he sought only the rentals past-due and damages caused to the premises. There was no prayer for future rents.

The landlord contends that his lawyers wrote the tenant's attorney a letter on December 10, 1975, indicating that the landlord would not seek possession and pointing out that the landlord's attorneys had also sought a dismissal of the forceable detainer action prior to entry of judgment. The appellant landlord contends that all of this evidence shows an intent not to terminate the lease; that when the tenant vacated the premises on December 18, this amounted to an abandonment by the tenant as a matter of law. We disagree.

In the first place, the motion to dismiss the forceable detainer action was con-

sidered by the court and denied. If the landlord had not wished to pursue the forceable detainer action, he could have taken a non-suit. This he did not do. The landlord contends that the tenant, in effect, agreed to the forceable detainer action when the tenant's attorney drew the order of eviction and had the same filed after the landlord had written the second letter notifying the tenant of its intention to keep the lease in effect. The lease provided that:

> . . . "shall authorize Lessor *at his option*, at any time after such default has continued for a period of ten (10) days and without prior notice to Lessee to declare this lease terminated, and upon the occurrence of any one or more of such defaults, Lessor immediately, or at any time thereafter, may re-enter said premises, and change the locks on the doors, and remove all persons therefrom with or without legal process, and without prejudice to any of its other legal rights, and all claims for damages by reason of such re-entry are expressly waived, as also are all claims for damages by reason of any eviction proceedings by way of sequestration or any other legal proceeding which Lessor may employ to recover said rents or possession of said premises."

The question of whether the landlord's intent to terminate the lease under the facts was one for the factfinder. Viewing the evidence under the guidelines of the *In Re King's Estate*, 244 S.W.2d 660 (Tex.Sup. 1951), we find that the evidence is ample to support the trial court's judgment and that it is not against the great weight and preponderance of the evidence. We hold that the lease was terminated by the letter written by the landlord; followed by the institution of forceable detainer action which proceeded to judgment, which was not appealed, and became final. The landlord's conduct amounted to a termination of the existing lease and the tenant's removal from the lease premises in obedience to the Justice Court's judgment amounts to an acceptance of the termination by the tenant.

The trial court was correct in finding that the tenant did not abandon the premises, but was forced to vacate the same by the landlord. Compare *Taco Boy, Inc. v. Redelo Co., Inc.*, 515 S.W.2d 319 (Tex.Civ.App.—Corpus Christi 1974, no writ). The landlord's points of error are overruled.

The judgment of the trial court is affirmed.