**AFFIRMED and Opinion Filed March 27, 2019**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-18-00297-CV

### JACKIE MENYWEATHER, Appellant
### V.
### JOAN ANTHONY, Appellee

**On Appeal from the County Court at Law No. 2**
**Kaufman County, Texas**
**Trial Court Cause No. 18C-001-2**

## MEMORANDUM OPINION

Before Justices Whitehill, Molberg, and Reichek
Opinion by Justice Reichek

In this forcible detainer suit, Jackie Menyweather appeals the trial court judgment for eviction and possession in favor of Joan Anthony. In two issues, appellant contends there is legally and factually insufficient evidence to support the trial court's implied findings that appellee sent proper notice of eviction and properly terminated the lease. For reasons set out below, we affirm.

FACTUAL BACKGROUND

Joan Anthony inherited the property at 901 South Adelaide Street in Terrell, Texas. In 2017, Anthony's granddaughter, Carrie Anthony, was dating appellant. Anthony verbally agreed to rent the house to Carrie and appellant on a month-to-month basis for $600 a month. While they were living in the house, Carrie and appellant had a "physical confrontation" and Carrie moved out. Appellant remained in the house.

On November 7, 2017, Anthony gave appellant written notice that she wanted him out of the house by December 8, 2017. The notice, signed by Anthony, stated: "I am the owner of the property 901 So. Adelaide, Terrell, Texas 75160. Please accept this letter as formal notice to you to vacate the property on or before 30 days of this letter. Such date being December 8, 2017."[1] Anthony's daughter, Sharon Gary, mailed the notice by certified mail, but expected appellant to ignore it. She was afraid to go to the premises, so her husband posted a copy of the notice on the door of the residence on the same day notice was mailed. The notice was inside a white envelope marked "important." Appellant did not vacate the home, and Anthony filed her petition in justice court on December 12, 2017.

Appellant testified he did not receive notice of a certified letter at the post office or sign for any such letter, but he acknowledged the mail showed it was "unclaimed." Appellant said he received the notice, marked "important," taped to his door and called the Garys to talk to them about it. He denied having a "physical confrontation" with Carrie. Rather, he said they had a verbal confrontation, and Carrie left. Carrie testified she considered appellant a "habitual liar." She further stated she moved out in August after she and appellant "got into it" in a "yelling and physical" confrontation.

After hearing the evidence, the trial court awarded immediate possession of the property to Anthony. This appeal followed.

APPLICABLE LAW

In his first issue, appellant contends the evidence is legally and factually insufficient to support an implied finding that Anthony properly terminated the lease. He argues he was entitled to a thirty-day notice of termination and a separate notice to vacate, and the single notice that Anthony "claimed to have sent was a notice to vacate only."

---

[1] The unopened letter was opened by Anthony's counsel during trial and offered into evidence.

Where, as here, the trial court did not issue findings of fact and none were requested, we imply all necessary facts supporting the judgment that are supported by the evidence. *See Shields Ltd. P'ship v. Bradberry*, 526 S.W.3d 471, 480 (Tex. 2017). When a reporter's record is filed on appeal, these implied findings may be challenged for legal and factual sufficiency. *Id.* We review the implied findings using the same sufficiency standards applicable to jury verdicts. *Id*.

In analyzing the legal sufficiency of the evidence, we view the evidence in the light most favorable to the verdict, crediting evidence favoring the finding if a reasonable factfinder could and disregarding contrary evidence unless a reasonable factfinder could not. *See Del Lago Partners, Inc. v. Smith*, 307 S.W.3d 762, 770 (Tex. 2010) (citing *Keller v. Wilson*, 168 S.W.3d 802, 822, 827 (Tex. 2005)). We will uphold the finding if more than a scintilla of competent evidence supports it. *Haggar Clothing Co. v. Hernandez*, 164 S.W.3d 386, 388 (Tex. 2005) (per curiam); *see also City of Keller*, 168 S.W.3d at 810. When reviewing a factual sufficiency challenge to an adverse finding, we consider and weigh all the evidence and set aside the finding only if it is so contrary to the overwhelming weight of the evidence as to be clearly wrong and unjust. *Sunl Grp,. Inc. v. Zhejiang Yongkang Top Imp. & Exp. Co., Ltd.*, 394 S.W.3d 812, 817 (Tex. App.—Dallas 2013, no pet.). Whether we are reviewing the evidence for legal or factual sufficiency, we may not substitute our judgment for that of the factfinder. *Windrum v. Kareh*, No. 17-0328, 2019 WL 321925, at *5, *13 (Tex. Jan. 25, 2019).

Under the property code, a monthly tenancy may be terminated by the tenant or the landlord by giving notice to the other. TEX. PROP. CODE ANN. § 91.001(a). If the rent-paying period is at least one month, as was the case here, the tenancy terminates either on (1) the day given in the notice for termination or (2) one month after the day on which the notice is given, whichever is later. *Id*. § 91.001(b).

A person who refuses to surrender possession of real property on demand commits a forcible detainer if the person is a tenant at will or by sufferance. TEX. PROP. CODE ANN. § 24.002(2). A demand for possession must be made in writing by a person entitled to possession of the property and must comply with the requirements for notice to vacate under section 24.005. *Id.* § 24.002(b).

TERMINATION NOTICE

Here, the evidence showed that appellant was a tenant at will. *Effel v. Rosberg*, 360 S.W.626, 630 (Tex. App.—Dallas 2012, no pet.) ("It is the long-standing rule in Texas that a lease must be for a certain period of time or it will be considered a tenancy at will."); *Pointe W. Ctr., LLC v. It's Alive, Inc.*, 476 S.W.3d 141, 151 (Tex. App.—Houston [1st Dist.] 2015, pet. denied) (explaining month-to-month tenancy for indefinite period is tenancy at will). Anthony gave appellant more than thirty days' written notice that she wanted him to vacate the property on or before December 8, 2017. This notice was sufficient to apprise appellant that Anthony was terminating the lease. *See Fidelity Mgmt. Co. v. Herod*, 600 S.W.2d 380, 381 (Tex. App.—Corpus Christi 1980, no writ) (lease terminated by landlord's letter giving "three days' notice to vacate" followed by institution of forcible detainer action).

Appellant nevertheless argues two separate notices were "expressly" required under section 24.005(a): a notice of termination under section 91.001 and a separate notice to vacate once appellant refused to move out. Whether section 24.005(a) requires separate notices, however, is not an issue we need decide because the provision applies to a holdover tenant. A holdover tenant is one who continues to occupy leased premises after expiration or termination of his lease. *Coinmach Corp. v. Aspenwood Apartment Corp.*, 417 S.W.3d 909, 915 (Tex. 2013). Appellant, as a month-to-month tenant of an indefinite duration, was a tenant at will and, as such, was subject to section 24.005(b).

Under section 24.005(b), if the occupant is a tenant at will or by sufferance, the landlord must give the tenant at least three days' written notice to vacate before the landlord files a forcible detainer suit unless the parties have contracted for a shorter or longer notice period in a written lease or agreement. *Id*. § 24.005(b). Nothing in the plain language of sections 91.001 or 24.005(b) require separate notices under the circumstances in this case; rather, both provisions required only that notice be given. Here, Anthony gave appellant more than thirty days' notice that she wanted him out of her house by December 8. When appellant did not vacate by that date, Anthony filed this forcible detainer action four days later. Because the evidence is legally and factually sufficient to show Anthony gave appellant notice she was terminating his lease, we overrule the first issue.

NOTICE TO VACATE

In his second issue, appellant argues that even if the lease was terminated, the notice to vacate was defective because it did not comply with subsection 24.005(f) or the alternative procedure in subsection (f-1). We begin with the alternative procedure. Subsection (f-1) provides:

> (f-1)    As an alternative to the procedures of Subsection (f), a landlord may deliver the notice to vacate by securely affixing to the outside of the main entry door a sealed envelope that contains the notice and on which is written the tenant's name, address, and in all capital letters, the words "IMPORTANT DOCUMENT" or substantially similar language and, not later than 5 p.m. of the same day, depositing in the mail in the same county in which the premises in question is located a copy of the notice to the tenant if:
>
> ***
>
> (2) the landlord reasonably believes that harm to any person would result from personal delivery to the tenant or a person residing at the premises or from personal delivery to the premises by affixing the notice to the inside of the main entry door.

TEX. PROP. CODE ANN. § 24.005(f-1)(2).

Appellant argues that subsection (f-1) notice was insufficient because (1) the envelope did not contain his name and address and (2) there is no evidence that Anthony was personally

involved in putting the notice on the door and therefore could not have reasonably believed harm to any person would occur. We disagree.

Appellant testified he received the notice posted on the outside of the door and the envelope was marked "important." After reading the notice he contacted the Garys to discuss it with them. While the envelope was missing his name and address, the evidence was undisputed that appellant received it, opened it, and discussed it with the Garys.

As for evidence of reasonable fear, Anthony knew Carrie moved out of the house after a physical confrontation with appellant. Anthony's daughter, Sharon, testified she assisted her mother in the process of attempting to remove appellant from the house. She said she sent appellant notice by certified mail but was "afraid" to go to the premises, so she had her husband, Michael, post a copy of the notice on the door. Michael testified he posted the notice on the front glass door on the same day the certified letter was mailed. He also said he had a reasonable fear for his safety at the time.

From this evidence, the trial court could have determined that Anthony as well as the Garys, who were acting on Anthony's behalf, could have reasonably believed harm could result from personally delivering the notice to appellant or from affixing the notice inside the main entry door. We conclude the evidence was both legally and factually sufficient to support the trial court's implied findings that appellant received the notice to vacate. We overrule the second issue.

We affirm the trial court's judgment.


/Amanda L. Reichek/
AMANDA L. REICHEK
JUSTICE


180297F.P05



## Court of Appeals
## Fifth District of Texas at Dallas

## JUDGMENT

JACKIE MENYWEATHER, Appellant

No. 05-18-00297-CV          V.

JOAN ANTHONY, Appellee

On Appeal from the County Court at Law No. 2, Kaufman County, Texas
Trial Court Cause No. 18C-001-2.
Opinion delivered by Justice Reichek; Justices Whitehill and Molberg participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

It is **ORDERED** that appellee JOAN ANTHONY recover her costs of this appeal from appellant JACKIE MENYWEATHER.

Judgment entered March 27, 2019.